**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE & CO., et al., <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF SECTION 11 INDIVIDUAL DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** <br><br> 11 Civ. 6188 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br><br> v. <br><br> HSBC NORTH AMERICA HOLDINGS, INC., et al., <br><br> Defendants. | 11 Civ. 6189 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br><br> v. <br><br> BARCLAYS BANK PLC, et al., <br><br> Defendants. | 11 Civ. 6190 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, etc., <br><br> Plaintiff, <br><br> v. <br><br> DEUTSCHE BANK AG, et al., <br><br> Defendants. | 11 Civ. 6192 (DLC) |

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, etc.,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORP., et al.,<br><br>Defendants. | 11 Civ. 6195 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, etc.,<br><br>Plaintiff,<br><br>v.<br><br>GOLDMAN, SACHS & CO., et al.,<br><br>Defendants. | 11 Civ. 6198 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, etc.,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SUISSE HOLDINGS (USA), INC., et al.,<br><br>Defendants. | 11 Civ. 6200 (DLC) |
| FEDERAL HOUSING FINANCE AGENCY, etc.,<br><br>Plaintiff,<br><br>v.<br><br>NOMURA HOLDING AMERICA, INC., et al.,<br><br>Defendants. | 11 Civ. 6201 (DLC) |

FEDERAL HOUSING FINANCE AGENCY, etc.,

                      Plaintiff,

          v.

MERRILL LYNCH & CO., INC., et al.,

                      Defendants.

11 Civ. 6202 (DLC)

---

FEDERAL HOUSING FINANCE AGENCY, etc.,

                      Plaintiff,

          v.

SG AMERICAS, INC., et al.,

                      Defendants.

11 Civ. 6203 (DLC)

---

FEDERAL HOUSING FINANCE AGENCY, etc.,

                      Plaintiff,

          v.

MORGAN STANLEY, et al.,

                      Defendants.

11 Civ. 6739 (DLC)

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ............................................................................................1

RELEVANT BACKGROUND ...........................................................................................2

ARGUMENT .....................................................................................................................4

I.   Judgment on the Pleadings Is an Appropriate and Timely Mechanism to Address FHFA's Failure to State Section 11 Claims Against the Section 11 Individual Defendants. ..................................................................................................................4

II.  The Section 11 Claims Against the Section 11 Individual Defendants Are Meritless Under Rule 430(b). ...................................................................................5

CONCLUSION...................................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Burnette* v. *Carothers*,
  192 F.3d 52 (2d Cir. 1999)..................................................................................4

*Burns Int'l Sec. Servs., Inc.* v. *Int'l Union*,
  47 F.3d 14 (2d Cir. 1995)...................................................................................4

*Fed. Hous. Fin. Agency* v. *UBS Ams., Inc.*,
  No. 1:11-cv-5201-DLC, 2012 WL 2400263 (S.D.N.Y. June 26, 2012)...................6

*Fed. Hous. Fin. Agency* v. *UBS Ams., Inc.*,
  No. 1:11-cv-5201-DLC, 2013 WL 3284118 (S.D.N.Y. June 28, 2013)...................3

*George C. Frey Ready-Mixed Concrete, Inc.* v. *Pine Hill Concrete Mix Corp.*,
  554 F.2d 551 (2d Cir. 1977)...............................................................................4

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
  No. 2:12-cv-1059-MRP, 2013 WL 1189311 (C.D. Cal. Mar. 15, 2013)....................*passim*

*Irish Lesbian & Gay Org.* v. *Giuliani*,
  143 F.3d 638 (2d Cir. 1988)...............................................................................4

*Sellers* v. *M.C. Floor Crafters, Inc.*,
  842 F.2d 639 (2d Cir. 1988)...............................................................................4

*Shapiro* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  495 F.2d 228 (2d Cir. 1974)...............................................................................4

**STATUTES**

15 U.S.C. § 77k(a) ..................................................................................................5

Section 11 of the Securities Act of 1933 .............................................................*passim*

**OTHER AUTHORITIES**

17 C.F.R. § 230.430B .............................................................................................*passim*

Federal Rule of Civil Procedure 12(b)(6) ...............................................................4

Federal Rule of Civil Procedure 12(c) ................................................................1, 4

Federal Rule of Civil Procedure 12(h)(2) ...............................................................4

Securities Offering Reform, SEC Rel. 33-8591, 2005 WL 1692642 ........................5, 6

The Individual Defendants identified in Appendix A (collectively, the "Section 11 Individual Defendants") respectfully submit this memorandum of law in support of their motion pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to the Section 11 claims brought against them by Plaintiff Federal Housing Finance Agency ("FHFA").

## PRELIMINARY STATEMENT

The Section 11 Individual Defendants are current or former employees or independent directors who held positions as directors or officers in issuing entities identified in Appendix A.  In its Complaints, FHFA alleges that the Section 11 Individual Defendants are liable under Section 11 of the Securities Act of 1933 because they allegedly signed shelf registration statements pertaining to the deals at issue in these Actions, even though the alleged misstatements on which FHFA bases its claims are found in prospectus supplements that the Section 11 Individual Defendants did not sign.[1]  Pursuant to SEC Rule 430B, individual defendants who sign shelf registration statements for offerings of residential mortgage-backed securities are not liable under Section 11 for alleged misstatements in later prospectus supplements that they themselves did not sign.  *See* 17 C.F.R. § 230.430B(f)(4); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, No. 2:12-cv-1059-MRP, 2013 WL 1189311, at *15-17 (C.D. Cal. Mar. 15, 2013).  This is so because, for directors and those who sign a shelf registration statement, "the date the prospectus supplements become part of the registration statement is *not* a new 'effective date'"; instead, the "only effective date . . . is the filing date of the registration statements," when "the registration statements were 'blank.'"  *In re Countrywide*,

---

[1]    *See* JPM AC ¶¶ 108, 125-130, 144-52, 170-76, 190-95, 291-93, 294-300, 301-06, 307-12, 313-19, 325-334, 565; HSBC AC ¶¶ 47, 176, 181; Barclays AC ¶¶ 39, 94, 160-173; DB AC ¶¶ 42-43, 220, 224, BOA AC ¶¶ 50, 190, 194; GS AC ¶¶ 48-49, 268, 272; CS AC ¶¶ 52, 201, 205; Nom AC ¶¶ 42, 139, 142; ML AC ¶¶ 45, 253, 258; SG AC ¶¶ 47, 111, 127, 174, 181-82; MS AC ¶¶ 47, 239, 242.

at *16.  Accordingly, FHFA's Section 11 claims against the Section 11 Individual Defendants should be dismissed on the pleadings.

## RELEVANT BACKGROUND

In its Amended Complaints ("Complaints" or "ACs"), FHFA alleges violations of Section 11 of the Securities Act of 1933 by the Section 11 Individual Defendants.[2]  The Complaints allege that the Section 11 Individual Defendants are liable under Section 11 because they allegedly signed shelf registration statements for the deals at issue in these Actions.[3]  The alleged misstatements on which FHFA bases its claims, however, were not made in the shelf registration statements, but rather in prospectus supplements that FHFA does not allege the Section 11 Individual Defendants signed.  For example, in all Actions, FHFA alleges that the "Prospectus Supplement for each Securitization describes the underwriting guidelines that purportedly were used in connection with the origination of the underlying mortgage loans" and includes "statistics regarding the mortgage loans in each group, including . . . the ranges of and weighted average loan-to-value ratios of the loans" and "whether the loans were secured by a property to be used as a primary residence . . . ." (GS AC ¶ 49; *see also* JPM AC ¶ 109 (same); HSBC AC ¶ 42 (same); Barclays AC ¶ 39 (same); DB AC ¶ 43 (same); BOA AC ¶  50 (same); CS AC ¶ 52 (same); Nom AC ¶ 42 (same); ML AC ¶ 45 (same); SG AC ¶ 47 (same); MS AC ¶ 47 (same); *see also* Part IV of the Amended Complaints (titled "Falsity of Statements in the

---

[2]      *See* JPM AC ¶¶ 563-80, 585, 588; HSBC AC ¶¶ 176, 181; Barclays AC ¶¶ 161, 165; DB AC ¶¶ 220, 224; BOA AC ¶¶ 190, 194; GS AC ¶¶ 268, 272; CS AC ¶¶ 201, 205; Nom AC ¶¶ 138-39, 142; ML AC ¶¶ 253, 258; SG AC ¶¶ 174, 181-82; MS AC ¶¶ 238-39, 242.

[3]      *See* JPM AC ¶¶ 563-80, 585, 588; HSBC AC ¶¶ 3, 21-25, 47, 59-63, 176, 181; Barclays AC ¶¶ 3, 9, 44, 161, 165; DB AC ¶¶ 3, 22-24, 42, 59-61, 220, 224; BOA AC ¶¶ 3, 21-26, 28, 30-32, 49, 55, 72-77, 79, 81-83, 190, 194; GS AC ¶¶ 3, 25-30, 48, 71-76, 268, 272; CS AC ¶¶ 3, 22-25, 28-29, 31-33, 51, 68-71, 74-75, 77-79, 201, 205; Nom AC ¶¶ 3, 20-24, 62-66, 142; ML AC ¶¶ 3, 22-27, 44, 50, 62-67, 253, 258; SG AC ¶¶ 10, 24-27, 174, 181-82; MS AC ¶¶ 3, 24-27, 46, 51, 66-68, 238-39, 242.

Prospectus Supplements"); *Fed. Hous. Fin. Agency* v. *UBS Ams., Inc.*, No. 1:11-cv-5201-DLC, 2013 WL 3284118, at *14 (S.D.N.Y. June 28, 2013) ("To make out its case in chief under Sections 11 and 12(a)(2), the plaintiff will therefore have the not inconsiderable burden in this litigation of proving that representations in the *prospectus supplements* regarding the quality of the Supporting Loan Groups for each Certificate that the GSEs purchased were false.") (emphasis added).)

In separate opinions, the Court denied or granted in part and denied in part the Section 11 Individual Defendants' motions to dismiss.[4]  Neither the Defendants' briefing on the motions to dismiss nor the opinions deciding those motions discussed or determined the question at issue here:  the effective date for purposes of Section 11 liability under Rule 430B, for directors and those who sign shelf registration statements.

Between December 2012 and February 2013, the Section 11 Individual Defendants filed their Answers, which denied that they were liable under Section 11 for the alleged misstatements in the prospectus supplements.[5]

---

[4]    JPM Op. & Order, Nov. 5, 2012, 11-cv-6188 ECF No. 200; HSBC Op. & Order, Nov. 28, 2012, 11-cv-6189 ECF No. 171; Barclays Op. & Order, Nov. 19, 2012, 11-cv-6190, ECF No. 145; DB Op. & Order, Nov. 12, 2012, 11-cv-6192 ECF No. 140; BOA Op. & Order, Nov. 28, 2012, 11-cv-6195 ECF No. 170; GS Op. & Order, Nov. 12, 2012, 11-cv-6198 ECF No. 156; CS Op. & Order, Nov. 28, 2012, 11-cv-6200 ECF No. 162; Nom Op. & Order, Nov. 27, 2012, 11-cv-6201 ECF No. 165; ML Op. & Order, Nov. 8, 2012, 11-cv-6202 ECF No. 135; SG Op. & Order, Nov. 27, 2012, 11 Civ. 6203 ECF No. 182; MS Op. & Order, Nov. 19, 2012, 11-cv-6739 ECF No. 183.

[5]    *See* JPM Answer, Dec. 17, 2012, 11-cv-6188 ECF No. 267, at ¶ 565; HSBC Answer, Jan. 11, 2013, 11-cv-6189 ECF No. 209, at ¶ 173; Barclays Answer, Jan. 2, 2013, 11-cv-6190 ECF No. 194, at ¶¶ 50-52; DB Answer, Dec. 26, 2012, 11-cv-6192 ECF. No. 200, at ¶ 224; BOA Answer, Feb. 1, 2013, 11-cv-6195 ECF No. 221, at ¶ 194; GS Answer, Dec. 26, 2012, 11-cv-6198 ECF. No. 216, at ¶ 272; CS Answer, Jan. 11, 2013, 11-cv-6200 ECF. No.  203, at ¶ 205; Nom Answer, Jan. 10, 2013, 11-cv-6201 ECF No. 201, at ¶ 142; ML Answer, Dec. 26, 2012, 11-cv-6202 ECF No. 215, at ¶ 258; SG Answer, Jan. 10, 2013, 11 Civ. 6203 ECF. No. 224, at ¶ 177, 181-82, 184; MS Answer, Jan. 28, 2013, 11-cv-6739 ECF. No.  247, at ¶ 242.

The Section 11 Individual Defendants now bring this motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on FHFA's Section 11 claims against them in an attempt to narrow the issues in dispute for trial and to decide the fundamentally legal question of the "effective date" for Section 11 liability of individual directors and signers under Rule 430B.

## ARGUMENT

## I.   JUDGMENT ON THE PLEADINGS IS AN APPROPRIATE AND TIMELY MECHANISM TO ADDRESS FHFA'S FAILURE TO STATE SECTION 11 CLAIMS AGAINST THE SECTION 11 INDIVIDUAL DEFENDANTS.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is "appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers* v. *M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988); *see Burns Int'l Sec. Servs., Inc.* v. *Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995) (*per curiam*) (judgment on the pleadings appropriate "if, from the pleadings, the moving party is entitled to judgment as a matter of law"). "Pursuant to Rule 12(h)(2), a Rule 12(c) motion may be used to raise the 'defense of failure to state a claim upon which relief can be granted.'" *George C. Frey Ready-Mixed Concrete, Inc.* v. *Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 n.2 (2d Cir. 1977); *see also Shapiro* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228, 231 n.2 (2d Cir. 1974).

In deciding a Rule 12(c) motion, a court applies "the same standard as that applicable to a motion under Rule 12(b)(6)." *Burnette* v. *Carothers*, 192 F.3d 52, 56 (2d Cir. 1999); *see also Irish Lesbian & Gay Org.* v. *Giuliani*, 143 F.3d 638, 644 (2d Cir. 1988) ("The test for evaluating a 12(c) motion [for judgment on the pleadings] is the same as that applicable to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6).").

Because the alleged misstatements did not exist at the time of the "effective date" for director and signer Section 11 liability, the Amended Complaints fail to state a claim under Section 11 against the Section 11 Individual Defendants, and judgment on the pleadings should therefore be granted.

## II.     THE SECTION 11 CLAIMS AGAINST THE SECTION 11 INDIVIDUAL DEFENDANTS ARE MERITLESS UNDER RULE 430(B).

Individual defendants who sign registration statements are not liable under Section 11 for alleged misstatements in later prospectus supplements that the defendants did not sign.  *See* 17 C.F.R. § 230.430B(f)(4); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, No. 2:12-cv-1059-MRP, 2013 WL 1189311, at *15-17 (C.D. Cal. Mar. 15, 2013).  The Section 11 claims against the Section 11 Individual Defendants are thus legally meritless and should be dismissed.

For Section 11 liability to exist, a statement must be false at the time the part of the registration statement in which it is contained "became effective."  15 U.S.C. § 77k(a).  The precise date a statement becomes "effective" depends on a party's status, and "specific SEC regulations clearly limit the Section 11 liability of directors and signers."  *In re Countrywide*, 2013 WL 1189311, at *17.  Specifically, Rule 430B states that "the date a form of prospectus is deemed part of and included in the registration statement . . . shall *not* be an effective date" for directors or signers of the registration statement.[6]  17 C.F.R. § 230.430B(f)(4) (emphasis added).

In promulgating Rule 430B, the SEC explained that it had "establishe[d] a new effective date for a shelf registration statement for Section 11 liability purposes only for the issuer and for a person that is at the time an underwriter."  *See* Securities Offering Reform, SEC Release No. 33-8591, 2005 WL 1692642, at *85 (July 19, 2005) ("SEC Rel. 33-8591").  Having

---

[6] There are two exceptions to this rule, neither of which applies here. 17 C.F.R. § 230.430B(f)(4).

explained its treatment of issuers and underwriters, the SEC found it worthwhile to emphasize that "the prospectus filing will *not* create a new effective date for directors or signing officers of the issuer." *Id.* at *86; *see also Fed. Hous. Fin. Agency* v. *UBS Ams., Inc.*, No. 1:11-cv-5201-DLC, 2012 WL 2400263, at *4 (S.D.N.Y. June 26, 2012) (quoting the SEC release).  The SEC created this exemption based on its "belie[f] that for other persons, including directors, signing officers, and experts, the filing of a form of prospectus should not result in a later Section 11 liability date than that which applied prior to our new rules."  *See* SEC Rel. 33-8591, 2005 WL 1692642, at *86.

FHFA attempted to circumvent these regulations in *In re Countrywide* by arguing "that the term 'effective date' in Rule 430B(f)(2) and (f)(4) is actually the date of the initial *bona fide* offering, which commences the statute of repose." *In re Countrywide*, 2013 WL 1189311, at *17.  Judge Pfaelzer emphatically rejected this argument as inconsistent with the text and purpose of the Rule, concluding that FHFA's "interpretation is wrong." *Id*.  As Judge Pfaelzer noted, "[t]here is no mention of the 'initial *bona fide* offering' date in Rule 430B(f)(4) or the SEC guidance documents." *Id*.  Instead, Rule 430B(f) makes clear that the effective dates apply "for purposes of liability under section 11 of the Act," 17 C.F.R. § 230.430B(f)(2), and that the Rule "will not create a new effective date for directors or signing officers of the issuer."  SEC Rel. 33-8591, 2005 WL 1692642, at *86.

"[T]he date the prospectus supplements become part of the registration statement is *not* a new 'effective date' for directors or signers of the registration statement" and, instead, the "only effective date . . . is the filing date of the registration statements," when "the registration statements were 'blank.'" *In re Countrywide*, 2013 WL 1189311, at *16.  As such, for the Section 11 Individual Defendants, "the registration statements did not contain

misstatements on their effective dates" and the "Individual Defendants cannot be held liable under Section 11." *Id*.

As in *In re Countrywide*, the Amended Complaints here rely on alleged "misrepresentations and misstatements in the prospectus supplements, which were filed after the registration statements [allegedly] signed by" the Section 11 Individual Defendants. *In re Countrywide*, 2013 WL 1189311, at *15. Those registration statements "contained only an illustrative form of a prospectus supplement," and not "the final prospectus supplement[s] filed with the SEC . . . that contained a description of the mortgage pool[s] underlying the Certificates and the underwriting standards by which the mortgages were originated." *Id*. (citation and internal quotation marks omitted).

Consequently, the Section 11 claims against the Section 11 Individual Defendants are legally meritless and should be dismissed on the pleadings.[7]

---

[7] Certain of the Section 11 Individual Defendants previously requested that FHFA voluntarily dismiss the Section 11 claims against them. (*See* Letter from Richard H. Klapper to Philippe Z. Selendy, June 4, 2013, attached as Exhibit A to the August 13, 2013 Declaration of Bradley A. Harsch ("Harsch Decl.").) FHFA refused on the basis of arguments the *Countrywide* court rejected. (*See* Letter from Adam M. Abensohn to Richard H. Klapper, June 17, 2013, attached as Exhibit B to the Harsch Decl.)

## CONCLUSION

For the reasons set forth herein, the Court should grant the motion for judgment on the pleadings on the Section 11 claims brought against the Section 11 Individual Defendants.

Dated:  New York, New York                          Respectfully submitted,
        August 13, 2013

/s/ Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Tracy Richelle High (hight@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004-2498
Telephone:  212-558-4000
Facsimile:  212-558-3588

*Attorneys for Kevin Gasvoda, Michelle Gill,*
*David J. Rosenblum, Jonathan S. Sobel,*
*Daniel L. Sparks and Mark Weiss*

/s/ Theresa Trzaskoma
Theresa Trzaskoma (ttrzaskoma@bruneandrichard.com)
David Elbaum (delbaum@bruneandrichard.com)
Jessica Holloway (jholloway@bruneandrichard.com)
BRUNE & RICHARD LLP
One Battery Park Plaza
New York, NY 10004
Telephone: 212-668-1900
Facsimile: 212-668-0315

*Attorneys for Defendants Keith Johnson, Kim Lutthans and John F. Robinson*

/s/ Steven L. Holley
Steven L. Holley (holleys@sullcrom.com)
Robert A. Sacks (sacksr@sullcrom.com)
Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
Yavar Bathaee (bathaeey@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

*Attorneys for Defendants David M. Duzyk, Louis Schioppo, Jr., Christine E. Cole, Edwin F. McMichael, William A. King, Brian Bernard, Joseph T. Jurkowski, Jr., Katherine Garniewski, Richard Careaga, David Beck, Diane Novak, Rolland Jurgens, Thomas G. Lehmann, Stephen Fortunato, Donald Wilhelm, David H. Zielke, Suzanne Krahling, Thomas Casey and Larry Breitbarth*

/s/ Richard A. Edlin
Richard A. Edlin (edlinr@gtlaw.com)
Ronald D. Lefton (leftonr@gtlaw.com)
Candace Camarata (camaratac@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue,
New York, NY 10166
Telephone: 212-801-9200

*Attorneys for Defendant Jeffrey Mayer*

/s/ Joel C. Haims
Joel C. Haims (jhaims@mofo.com)
James J. Beha II (jbeha@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-468-8000
Facsimile: 212-468-7900

*Attorneys for Thomas Marano and Michael Nierenberg*

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga (pamela.chepiga@allenovery.com)
Josephine A. Cheatham (allie.cheatham@allenovery.com)
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: 212-610-6300
Facsimile: 212-610-6399

*Attorneys for Defendant Samuel L. Molinaro, Jr.*

/s/ Dani R. James
Dani R. James (djames@kramerlevin.com)
Jade A. Burns (jburns@kramerlevin.com)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: 212-715-9100
Facsimile: 212-715-8000

*Attorneys for Defendant Jeffrey L. Verschleiser*

/s/ Sandra D. Hauser
Sandra D. Hauser (sandra.hauser@dentons.com)
Patrick E. Fitzmaurice (patrick.fitzmaurice@dentons.com)
Lauren Perlgut (lauren.perlgut@dentons.com)
DENTONS US LLP
1221 Avenue of the Americas
New York, NY  10020
Telephone:  212-768-6700
Facsimile:  212-768-6800

*Attorneys for Defendant Matthew E. Perkins*

/s/ David H. Braff
David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  212-558-4000

*Attorneys for Defendants Barclays Bank PLC,*
*Barclays Capital Inc., Securitized Asset Backed*
*Receivables LLC, Michael Wade, John Carroll*
*and Paul Menefee*

/s/ Daniel C. Zinman
Daniel C. Zinman (dzinman@rkollp.com)
H. Rowan Gaither IV (rgaither@rkollp.com)
Matthew M. Riccardi (mriccardi@rkollp.com)
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY  10281

*Attorneys for Defendants George C. Carp, Robert*
*Caruso, George E. Ellison, Adam D. Glassner,*
*Daniel B. Goodwin, Juliana Johnson, Michael J.*
*Kula, William L. Maxwell, Mark I. Ryan, Antoine*
*Schetritt, Matthew Whalen, Brian Sullivan,*
*Michael McGovern, Donald Puglisi, Paul Park*
*and Donald Han*

/s/ John M. Conlon
John M. Conlon (jconlon@mayerbrown.com)
Mark G. Hanchet (mhanchet@mayerbrown.com)
Mike O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants Neal Leonard,*
*Gerard Mattia, Todd White and Jon Voigtman*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017-3954
Telephone:  212-455-2000
Facsimile:  212-455-2502

*Attorneys for Douglas K. Johnson, Evelyn*
*Echevarria and Juliana C. Johnson*

/s/ Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Richard J. Stark (rstark@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
Lauren A. Moskowitz (lmoskowitz@cravath.com)
CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019-7475
Telephone:  212-474-1000
Facsimile:  212-474-3700

*Attorneys for Andrew A. Kimura, Jeffrey A.*
*Altabef, Evelyn Echevarria, Michael A.*
*Marriott, Thomas Zingalli, Carlos Onis,*
*Joseph M. Donovan, Juliana Johnson and*
*Greg Richter*

/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  212-558-4000
Facsimile:  212-558-3588

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, D.C.  20006
Telephone:  202-956-7500
Facsimile:  202-956-6993

*Attorneys for Defendants David Findlay, John
McCarthy, John P. Graham, Nathan Gorin and N.
Dante LaRocca*

/s/ James P. Rouhandeh
James P. Rouhandeh (rouhandeh@davispolk.com)
Brian S. Weinstein (brian.weinstein@davispolk.com)
Daniel J. Schwartz (daniel.schwartz@davispolk.com)
Nicholas N. George (nicholas.george@davispolk.com)
Jane M. Morril (jane.morril@davispolk.com)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

*Attorneys for Defendants Gail P. McDonnell,
Howard Hubler, David R. Warren and Steven S.
Stern*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George Zimmerman (george.zimmerman@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for Defendants Arnaud Denis, Abner
Figueroa, Tony Tusi and Orlando Figueroa*