```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
                                         :   11 Civ. 6189 (DLC)
 FEDERAL HOUSING FINANCE AGENCY,         :   11 Civ. 6190 (DLC)
                                         :   11 Civ. 6192 (DLC)
                       Plaintiff,        :   11 Civ. 6193 (DLC)
                                         :   11 Civ. 6195 (DLC)
           -v-                           :   11 Civ. 6198 (DLC)
                                         :   11 Civ. 6200 (DLC)
                                         :   11 Civ. 6201 (DLC)
 HSBC NORTH AMERICA HOLDINGS INC., et    :   11 Civ. 6202 (DLC)
 al.,                                    :   11 Civ. 6203 (DLC)
                                         :   11 Civ. 6739 (DLC)
                       Defendants;       :   11 Civ. 7010 (DLC)
                                         :
 And other FHFA cases.                   :       OPINION & ORDER
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiff:

Philippe Z. Selendy
Christine H. Chung
Adam M. Abensohn
Jordan A. Goldstein
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601

Marc E. Kasowitz
Christopher P. Johnson
Michael A. Hanin
Kanchana Wangkeo Leung
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019

For defendants:

For defendants Kevin Gasvoda, Michelle Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks, and Mark Weiss:

Richard H. Klapper
Theodore Edelman
Michael T. Tomaino, Jr.
Tracy Richelle High
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

For defendants Keith Johnson, Kim Lutthans, and John F. Robinsion:

Theresa Trzaskoma
David Elbaum
Jessica Holloway
Brune & Richard LLP
One Battery Park Plaza
New York, NY 10004

For defendants David M. Duzyk, Louis Schioppo, Jr., Christine E. Cole, Edwin F. McMichael, William A. King, Brian Bernard, Joseph T. Jurkowski, Jr., Katherine Garniewski, Richard Careaga, David Beck, Diane Novak, Rolland Jurgens, Thomas G. Lehmann, Stephen Fortunato, Donald Wilhelm, David H. Zielke, Suzanne Krahling, Thomas Casey, and Larry Breitbarth:

Steven L. Holley
Robert A. Sacks
Penny Shane
Sharon L. Nelles
Jonathan M. Sedlak
Yavar Bathaee
Sullivan & Cromwell LLP
125 Broad Street
New York, New York 10004

For defendant Jeffrey Mayer:

Richard A. Edlin
Ronald D. Lefton
Candace Camarata
Greenberg Traurig LLP
200 Park Avenue,
New York, NY 10166

For defendants Thomas Marano and Michael Nierenberg:

Joel C. Haims

James J. Beha II
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

For defendant Samuel L. Molinaro, Jr.:

Pamela Rogers Chepiga
Josephine A. Cheatham
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020

For Defendant Jeffrey L. Verschleiser:

Dani R. James
Jade A. Burns
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

For Defendant Matthew Perkins:

Sandra D. Hauser
Patrick E. Fitzmaurice
Lauren Perlgut
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020

For defendants Neal Leonard, Gerard Mattia, Todd White, and Jon Voigtman:

John M. Conlon
Mark S. Hanchet
Michael O. Ware
Mayer Brown LLP
1675 Broadway
New York, NY 10019

For defendants Barclays Bank PLC, Barclays Capital Inc., Securitized Asset Backed Receivables LLC, Paul Menefee, John Carroll, and Michael Wade:

David H. Braff
Brian T. Frawley
Jeffrey T. Scott

Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

For defendants Douglas K. Johnson, Evelyn Echevarria, and Juliana C. Johnson:

Thomas C. Rice
David J. Woll
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954

For defendants George C. Carp, Robert Caruso, George E. Ellison, Adam D. Glassner, Daniel B. Goodwin, Juliana Johnson, Michael J. Kula, William L. Maxwell, Mark I. Ryan, and Antoine Schetritt, Matthew Whalen, Brian Sullivan, Michael McGovern, Donald Puglisi, Paul Park, and Donald Han:

Daniel C. Zinman
H. Rowan Gaither IV
Matthew M. Riccardi
Richards Kibbe & Orbe LLP
One World Financial Center
New York, NY 10281

For defendants Andrew A. Kimura, Jeffrey A. Altabef, Evelyn Echevarria, Michael A. Marriott, Thomas Zingalli, Carlos Onis, Joseph M. Donovan, Juliana Johnson, and Greg Richter:

Richard W. Clary
Richard J. Stark
Michael T. Reynolds
Lauren A. Moskowitz
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

For defendants David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and N. Dante LaRocca:

Bruce Clark
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff
Sullivan & Cromwell LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

For defendants Arnaud Denis, Abner Figueroa, Tony Tusi, and Orlando Figueroa:

Jay B. Kasner
Scott Musoff
George Zimmerman
Robert A. Fumerton
Skadden Arps Slate Meagher & Flom LLP
Four Times Square
New York, NY 10036

For defendants Gail P. McDonnell, Howard Hubler, David R. Warren, and Steven S. Stern:

James P. Rouhandeh
Brian S. Weinstein
Daniel J. Schwartz
Nicholas N. George
Jane M. Morril
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017


DENISE COTE, District Judge:

   Before the Court is an August 13, 2013 motion for partial judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., filed by certain of the individual defendants in these actions. The motion requires the Court to decide whether the SEC radically altered Section 11 liability for individuals who sign registration statements in the context of the shelf registration process when the SEC promulgated Rule 430B in 2005. For the

following reasons, the Court concludes that Rule 430B made no such fundamental changes and that motion must be denied.

BACKGROUND

These actions involve alleged misrepresentations in the offering materials for residential mortgage backed securities purchased by Fannie Mae and Freddie Mac (collectively, the "GSEs") between 2005 and 2007.[1] The securities at issue consisted of certificates issued by a trust that were backed by pools of underlying mortgages and entitled the owners to income in the form of payments on those mortgages. The value of the certificates thus depended on the ability of mortgagors to repay the loan principal and interest and the adequacy of the

---

[1] The Federal Housing Finance Agency ("FHFA"), acting as conservator of the GSEs, filed seventeen actions in this district against various financial institutions in connection with these transactions. One action was transferred to the Central District of California as related to defendant Countrywide's bankruptcy proceedings in that district. FHFA v. Countrywide Financial Corp., et al., No. 11 Civ. 6916 (DLC) (S.D.N.Y. Feb. 8, 2012) (transfer order). Four others have been dismissed as settled between the parties: FHFA v. General Electric Co., et al., No. 11 Civ. 7048 (DLC); FHFA v. Citigroup Inc., et al., No. 11 Civ. 6196 (DLC); FHFA v. UBS Americas Inc., et al., No. 11 Civ. 5201 (DLC); and FHFA v. JPMorgan Chase & Co., et al., No. 11 Civ. 6188 (DLC). Discovery in one additional related action pending in the District of Connecticut, FHFA v. The Royal Bank of Scotland Group PLC, et al., 3:11-cv-1383 (AWT), is being coordinated with the cases pending in this Court.

collateral in the event of default.  <u>FHFA v. UBS Americas, Inc.</u>, 858 F. Supp. 2d 306, 312 (S.D.N.Y. 2012).

The certificates purchased by the GSEs were issued pursuant to shelf registration statements filed with the Securities and Exchange Commission ("SEC"), prospectuses, and prospectus supplements that together constitute the "offering documents" for each security.  The alleged misrepresentations at the heart of these cases concerned the creditworthiness of the borrowers and the quality of the collateral underlying the certificates and were made in the prospectus supplements; the original registration statements contained only a base prospectus with generic information about future offerings.  <u>FHFA v. UBS Americas, Inc.</u>, No. 11 Civ. 5201 (DLC), 2012 WL 2400263, at *4 (S.D.N.Y. June 26, 2012).  The information that was material to investors "was only provided at the time that each securitization was marketed to the public –- in the form of lengthy prospectus supplements that purported to convey in detail the soundness of the underlying assets."  <u>Id</u>. at *5.

The defendants in these cases include various corporate entities that played different roles in the securitization process as well as individuals whom FHFA alleges are liable as a "control person" under Section 15 of the Securities Act of 1933, 15 U.S.C. § 77o, or as directors or signing officers under Section 11 of the Securities Act.  15 U.S.C. § 77k(a).  The

7

instant motion for judgment on the pleadings, which was fully submitted on September 6, is brought by certain individual defendants who signed the relevant shelf registration statements but did not sign the prospectus supplements (the "Individual Defendants"). The Individual Defendants argue that they cannot be liable under Section 11 for misstatements contained in the prospectus supplements.

DISCUSSION

Shelf registration is a process by which securities can be registered to be offered or sold on a delayed or continuous basis. The purpose of shelf registration is to afford the issuer the "procedural flexibility" to vary "the structure and terms of securities on short notice" and "time its offering to avail itself of the most advantageous market conditions." Shelf Registration, SEC Release No. 6499, 1983 WL 408321, at *4 (Nov. 17, 1983) ("SEC Rel. 6499"); see In re WorldCom, Inc. Sec. Litig., 345 F.Supp.2d 628, 667 (S.D.N.Y. 2004).

As a general matter, the registration statement for a new securities offering must include a copy of the prospectus that will be used to market the securities for sale to the public. 17 C.F.R. § 230.404. In order to satisfy Section 10(a) of the Securities Act, 15 U.S.C. § 77j(a), the prospectus must make detailed disclosures about the securities at issue and, in the

case of asset-backed securities, the underlying asset pools. See Regulation S-K, 17 C.F.R. § 229.10 et seq.; Regulation AB, 17 C.F.R. § 229.1100 et seq.; see also In re WorldCom, 345 F.Supp.2d at 658.

The shelf registration process allows certain would-be issuers to file a generic registration statement with the SEC that omits the type of detailed information that must generally be disclosed to purchasers. 17 C.F.R. §§ 230.409, 230.415, 230.430A. A qualified registrant commits that, at the time of any offering, it will have made the omitted disclosures in some form or another, including by filing a post-effective amendment to the registration statement, filing a prospectus supplement with the SEC, or filing an annual report pursuant to Section 13(a) or Section 15(d) of the Exchange Act. See 17 C.F.R. § 229.512. Once this "shelf registration statement" becomes effective, the issuer can take the registration statement "off the shelf," make the required supplemental disclosures, and use the shelf registration statement to issue securities whenever it chooses, without the need for further SEC action. Thus, as in this case, a single shelf registration statement may be used for a series of offerings. SEC Rel. 6499, 1983 WL 408321, at *4.

In 2005, the SEC promulgated Rule 430B, which among other things broadened the category of disclosures that can be made in prospectus supplements rather than post-effective amendments to

9

registration statements.  See 17 C.F.R. § 230.430B; FHFA v. UBS, 2012 WL 2400263, at *4 ("Rule 430B permits issuers to make disclosures by prospectus supplement that previously would have required a post-effective amendment to the registration statement . . . .").  In a motion to dismiss filed in 2012 in one of these coordinated actions, certain defendants argued that FHFA's claims were time-barred because the effective dates of the certificates at issue were the dates of the underlying registration statements, not the dates they were actually marketed to the public.  See FHFA v. UBS, 2012 WL 2400263, at *1.  The Court rejected this argument, noting that Rule 430B did not change the rule that "[a] filing that represents a fundamental change in the information set forth in the registration statement has always been deemed to restart the clock on Section 11 claims."  Id. at *4 (citation omitted).  Because the prospectus supplements at issue in these cases were plainly "fundamental changes" to the information contained in the registration statements, the Court held, they triggered new Securities Act liability periods.  Id. at *5.  The defendants did not then argue, and the Court therefore did not address, the issue of what effect Rule 430B has on Section 11 liability for individuals who sign registration statements but not later prospectus supplements that contain alleged misstatements.

10

Section 11 creates liability for signers of registration statements whenever "any part of the registration statement, <u>when such part became effective</u>, contained an untrue statement of material fact or [omission]."  15 U.S.C. § 77k(a) (emphasis added).  Under Rule 430B, information in a prospectus supplement required to be filed by Rule 424(b)(2), (b)(5), or (b)(7) is "deemed to be part of and included in the registration statement on the earlier of the date such subsequent form of prospectus is first used or the date and time of the first contract of sale of securities in the offering to which such subsequent form of prospectus relates."  17 C.F.R. § 230.430B(f)(1).  These Rule 424(b) sections cover prospectus supplements that disclose information previously omitted from the prospectus filed as part of an effective registration statement pursuant to the shelf registration process.  17 C.F.R. § 230.424(b)(2).

Because Rule 430B "deems newly disclosed information to be included in the registration statement, plaintiffs may base claims under § 11 of the '33 Act on a supplemental prospectus's material misstatements or omissions."  <u>New Jersey Carpenters Health Fund v. Royal Bank of Scotland Group, PLC</u>, 709 F.3d 109, 114 n.2 (2d Cir. 2013).  Indeed, in its release accompanying Rule 430B, the SEC explained that "[a]s a result of Rule 430B . . . prospectus supplements required to be filed under Rule 424 . . . will, in all cases, be deemed to be part of and included

11

in registration statements for purposes of Securities Act Section 11." Securities Offering Reform, SEC Release Nos. 33-8591, 34-52056, IC-26993, 70 Fed. Reg. 44722, 44773 (Aug. 3, 2005) ("SEC Rel. 8591").

The instant motion, however, focuses on a wrinkle in this regime. Rule 430B drew a distinction between different categories of potential Section 11 defendants in determining whether the filing of a prospectus supplement triggers a new "effective date." Under Rule 430B(f)(2), the date the prospectus supplement is first used (or the date the securities to which it relates are first sold) becomes the new "effective date" of the registration statement for purposes of Section 11 liability "of the issuer and any underwriter at the time *only*." Id. at § 230.430B(f)(2) (emphasis added). As to directors, "the date a form of prospectus is deemed part of and included in the registration statement . . . shall not be an effective date established pursuant to paragraph (f)(2) of the section." Id. at § 230.430B(f)(4).

Were that the end of the matter, Rule 430B would have effected a sea change in the Section 11 liability of directors, exempting them from responsibility for the material contained in later-filed prospectus supplements. But, it is not. Rule 430B included two exceptions in paragraph (f)(4), which provide that the filing of a prospectus supplement creates a new effective

date for directors when it is filed "for purposes of including information required by section 10(a)(3) of the Act or pursuant to Item 512(a)(1)(ii) of Regulation S-K."  17 C.F.R. § 230.430B(f)(4).  Item 512(a)(1)(ii), in turn, requires a registrant to "reflect in the prospectus any facts or events arising after the effective date of the registration statement . . . which, individually or in the aggregate, represent a fundamental change in the information set forth in the registration statement."  17 C.F.R. § 229.512(a)(1)(ii).

Where the prospectus supplement represents a "fundamental change" to the information in the registration statement, then, even for directors, it is "deemed part of and included in the registration statement on the earlier of the date such subsequent form of prospectus is first used or the date and time of the first contract of sale of securities in the offering to which such subsequent form of prospectus relates."  17 C.F.R. § 230.430B(f)(1) and (f)(4).  Thus, a prospectus supplement containing information representing a fundamental change in the information provided in the registration statement creates Section 11 liability for directors based on that new information.

The SEC release accompanying Rule 430B makes clear that this reading of Rule 430B conforms with the SEC's intent.  In making what it characterized as "incremental changes" to the

13

offering process, SEC Rel. 8591, at 44725, the SEC intended no sea change in Section 11 liability.[2]  As the SEC explained, "we believe that for . . . directors, signing officers, and experts, the filing of a form of prospectus should not result in a later Section 11 liability date than that which applied prior to our new rules."  Id. at 44774.  Indeed, the SEC clarified that "the filing of a form of prospectus for purposes of updating the registration statement pursuant to Section 10(a)(3) or reflecting fundamental changes in the information in the registration statement" does create a new effective date for directors and signing officers.  Id.

Rule 430B was adopted by the SEC as part of its modernization process.  While it was an important step in that process, it is quite "limited in scope."  Id. at 44725.  As the SEC explained, Rule 430B is

> focused primarily on constructive, incremental changes in our regulatory structure and the offering process rather than the introduction of a far-reaching new system, as we believe that we can best achieve further

---

[2] The defendants have not argued that they, their counsel, or any commentator had ever understood Rule 430B to alter individual liability under Section 11 in the manner they suggest here. They have not supported this motion with citation to commentary by experts in securities regulation or even by reference to the guidance their law firms issued to their clients at the time Rule 430B was adopted. The novelty of this argument may explain why the defendants did not include it in any of the dozen or so motions to dismiss they filed in these coordinated actions in 2012.

14

>   integration of Securities Act and Exchange Act
>   disclosure and processes by making adjustments in the
>   current integrated disclosure and shelf registration
>   systems.

Id.  Among other things, through this rule the SEC chose "the triggering dates for prospectus supplements to be deemed part of and included in registration statements."  Id. at 44773.

In addressing the triggering dates that relate specifically to issuers and underwriters, the SEC explained that it had tried to reconcile the effective dates for shelf offerings with the comparable dates for non-shelf offerings to eliminate "unwarranted, disparate treatment of underwriters and issuers under Section 11."  Id.  But, when it came to others, such as directors and officers signing registration statements, the filing of a form of prospectus will not result in a "later Section 11 liability date than that which applied prior to our new rules."  Id. at 44774.  Accordingly, where there is a "fundamental change" in the information provided to the marketplace through the filing of a prospectus supplement, the new trigger dates for Section 11 liability will apply to those persons, but where there is no fundamental change, they will not.  Id.[3]

---

[3] Rule 430B similarly addressed the liability trigger dates for experts, but it is unnecessary to describe those to address the issues raised by this motion.

15

The Individual Defendants object that the prospectus supplements at issue were filed not pursuant to Item 512, but under Rule 424(b), and that later provisions of Item 512 carve out such filings.[4]  The reference in Rule 430B, however, is to Item 512(a)(1)(ii) only, not Item 512 as a whole.  Rule 430B clearly used that citation as a shorthand way of incorporating the term "fundamental change" and its definition in Item 512(a)(1)(ii).  This is the only reading of Rule 430B(f)(4) that harmonizes it with the parallel language in the SEC's accompanying release, and the only reading that avoids working a radical shift in the liability of directors for material in prospectus supplements that constitutes a fundamental change to the information contained in the registration statement.

The Individual Defendants also point to the drafting history of Rule 430B.  As the Individual Defendants note, the original version of Rule 430B did not include the carve-out that eventually became Section 430B(f)(4).  See Securities Offering Reform, SEC Release No. 33-8501, 34-50624, IC-26649, File No. S7038-04, 69 Fed. Reg. 67392, 67471 (proposed Nov. 17, 2004).  While the Individual Defendants are correct that the SEC revised

---

[4] Item 512(a)(1)(B) provides that paragraph (a)(1)(ii), quoted above, "do[es] not apply if the registration statement is on Form S-3 . . . and the information required to be included in a post-effective amendment by those paragraphs . . . is contained in a form of prospectus filed pursuant to Rule 424(b)."  17 C.F.R. § 229.512(a)(1)(B).

the rule to include the carve-out in response to comments from the ABA and others, SEC Rel. 8591, at 44774, those comments urged only that the effective dates for directors and signing officers continue to be "determined as under the current system."  Ltr. from Dixie L. Johnson & John S. Bostelman, Comm. on Fed. Reg'n of Secs., Section of Business Law, Am. Bar Ass'n, to SEC dated Feb. 11, 2005, at 49, available at http://www.sec.gov/rules/proposed/s73804/dljohnson021105.pdf.  The SEC accepted this position, and indicated that the Section 11 liability date for directors and signing officers would remain "that which applied prior to our new rules."  SEC Rel. 8591, at 44774.  In a footnote, the SEC clarified that "[p]rior to today's amendments," a new effective date was triggered by a post effective amendment filed "to reflect in the prospectus fundamental changes in the information in the registration statement."  Id. at n.468.  Again, it is clear that the SEC intended individuals to remain liable for "fundamental changes" to the information in a registration statement, as they had been previously.

As the Court has already concluded, the prospectus supplements here certainly constituted fundamental changes to the information previously disclosed about the certificates, as they contained virtually all of the detail about the underlying collateral and the ability of borrowers to repay the loans that

17

would have been material to investors.  FHFA v. UBS Americas, 2012 WL 2400263, at *4.  Rule 430B therefore does not exempt the Individual Defendants from Section 11 liability for misstatements contained in the prospectus supplements.

CONCLUSION

The Individual Defendants' August 13, 2013 motion for partial judgment on the pleadings is denied.

Dated:    New York, New York
          December 10, 2013

```
                        _____
                                 DENISE COTE
                         United States District Judge
```