```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
                                       :   11 Civ. 6189 (DLC)
FEDERAL HOUSING FINANCE AGENCY,        :   11 Civ. 6190 (DLC)
                                       :   11 Civ. 6192 (DLC)
                    Plaintiff,         :   11 Civ. 6193 (DLC)
                                       :   11 Civ. 6195 (DLC)
         -v-                           :   11 Civ. 6198 (DLC)
                                       :   11 Civ. 6200 (DLC)
                                       :   11 Civ. 6201 (DLC)
HSBC NORTH AMERICA HOLDINGS INC., et   :   11 Civ. 6202 (DLC)
al.,                                   :   11 Civ. 6203 (DLC)
                                       :   11 Civ. 6739 (DLC)
                    Defendants;        :   11 Civ. 7010 (DLC)
                                       :
And other FHFA cases.                  :   OPINION & ORDER
                                       :
-------------------------------------- X
```

APPEARANCES:

For the plaintiff:

Philippe Z. Selendy
Manisha M. Sheth
Jordan A. Goldstein
Toby E. Futter
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601

Marc E. Kasowitz
Christopher P. Johnson
Michael A. Hanin
Kanchana Wangkeo Leung
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019

For defendants:

For defendants Morgan Stanley, Morgan Stanley & Co. Incorporated
(n/k/a Morgan Stanley & Co. LLC), Morgan Stanley Mortgage

Capital Holdings LLC (successor-in-interest to Morgan Stanley
Mortgage Capital Inc.), Morgan Stanley ABS Capital I Inc.,
Morgan Stanley Capital I Inc., Saxon Capital, Inc., Saxon
Funding Management LLC, Saxon Asset Securities Company, Gail P.
McDonnell, Howard Hubler, David R. Warren, and Steven S. Stern:

James P. Rouhandeh
Brian S. Weinstein
Daniel J. Schwartz
Nicholas N. George
Jane M. Morril
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017

For Defendants First Horizon National Corporation, First
Tennessee Bank National Association, FTN Financial Securities
Corporation, First Horizon Asset Securities, Inc., Gerald L.
Baker, Peter F. Makowiecki, Charles G. Burkett, and Thomas J.
Wageman:

Bruce Clark
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff
Sullivan & Cromwell LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

For Defendants Deutsche Bank AG, Taunus Corporation, Deutsche
Bank Securities Inc., DB Structured Products, Inc., Ace
Securities Corp., Mortgage IT Securities Corp.:

Thomas C. Rice
David J. Woll
Andrew T. Frankel
Alan C. Turner
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017-3954

For defendants Barclays Bank PLC, Barclays Capital Inc.,
Securitized Asset Backed Receivables LLC, Paul Menefee, John
Carroll, and Michael Wade:

David H. Braff
Brian T. Frawley
Jeffrey T. Scott
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

For Defendants Bank of America Corporation; Bank of America,
N.A.; Asset Backed Funding Corp.; Banc of America Funding Corp.;
Merrill  Lynch & Co., Inc., Merrill Lynch Mortgage Lending,
Inc., Merrill Lynch Mortgage Capital Inc., First Franklin
Financial Corp., Merrill  Lynch Mortgage Investors, Inc.,
Merrill Lynch Government Securities, Inc., Merrill Lynch,
Pierce, Fenner & Smith Inc.:

David Blatt
John McNichols
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

For Defendants Goldman, Sachs & Co., GS Mortgage Securities
Corp., Goldman Sachs Mortgage Company, The Goldman Sachs Group,
Inc., Goldman Sachs Real Estate Funding Corp., Peter C. Aberg,
Howard S. Altarescu, Robert J. Christie, Kevin Gasvoda, Michelle
Gill, David J. Rosenblum, Jonathan S. Sobel, Daniel L. Sparks,
and Mark Weiss:

Richard H. Klapper
Theodore Edelman
Michael T. Tomaino, Jr.
Tracy Richelle High
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004

For Defendants Credit Suisse Securities (USA) LLC, Credit Suisse
Holdings (USA), Inc., Credit Suisse (USA), Inc., DLJ Mortgage
Capital, Inc., Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities Corporation, Credit Suisse
First Boston Mortgage Acceptance Corporation, Andrew A. Kimura,
Jeffrey A. Altabef, Evelyn Echevarria, Michael A. Marriott, Zev
Kindler, Thomas E. Siegler, Thomas Zingalli, Carlos Onis, Steven
L. Kantor, Joseph M. Donovan, Juliana Johnson, and Greg Richter:

Richard W. Clary
Richard J. Stark
Michael T. Reynolds
Lauren A. Moskowitz
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

For Defendants Nomura Securities International, Inc., Nomura
Holding America Inc., Nomura Asset Acceptance Corporation,
Nomura Home Equity Loan, Inc., Nomura Credit & Capital, Inc.,
David Findlay, John McCarthy, John P. Graham, Nathan Gorin, and
N. Dante LaRocca:

Bruce Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Amanda F. Davidoff
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006

For Defendants SG Americas, Inc., SG Americas Securities
Holdings, LLC, SG Americas Securities, LLC, SG Mortgage Finance
Corp., and SG Mortgage Securities, LLC, Arnaud Denis, Abner
Figueroa, Tony Tusi, and Orlando Figueroa:

Jay B. Kasner
Scott Musoff
George Zimmerman
Robert A. Fumerton
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, NY 10036

For Defendants HSBC North America Holdings Inc., HSBC USA Inc.,
HSBC Markets (USA) Inc., HSBC Bank USA, NA., HSI Asset
Securitization Corporation:

John M. Conlon
Mark S. Hanchet
Michael O. Ware
MAYER BROWN LLP
1675 Broadway

New York, NY 10019

For Defendant Samuel L. Molinaro, Jr.

Pamela Rogers Chepiga
Josephine A. Cheatham
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020

For Defendant RBS Securities Inc.:

Thomas C. Rice
David J. Woll
Alan Turner
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017

For Defendants George C. Carp, Robert Caruso, George E. Ellison,
Adam D. Glassner, Daniel B. Goodwin, Juliana Johnson, Michael J.
Kula, William L. Maxwell, Mark I. Ryan, and Antoine Schetritt;
Matthew Whalen; Brian Sullivan; Michael McGovern; Donald
Puglisi; Paul Park, and Donald Han:

Daniel C. Zinman
Matthew M. Riccardi
RICHARDS KIBBE & ORBE LLP
One World Financial Center
New York, NY 10281

For Defendant Jeffrey L. Verschleiser:

Dani R. James
Jade A. Burns
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036


DENISE COTE, District Judge:

Before the Court are a September 27, 2013 motion for

partial summary judgment by the Federal Housing Finance Agency

("FHFA") and a related November 1, 2013 motion to certify a

question of law to the Supreme Court of Virginia filed by the defendants.  Both motions concern the issue of whether a loss causation defense exists under the Virginia and Washington, D.C. Blue Sky laws.  For the reasons stated below, FHFA's motion for partial summary judgment is granted, and the defendants' motion to certify is denied.

BACKGROUND

These actions involve alleged misrepresentations in the offering materials for residential mortgage backed securities purchased by Fannie Mae and Freddie Mac (collectively, the "GSEs") between 2005 and 2007.[1]  The securities at issue consisted of certificates issued by a trust that were backed by

---

[1] The Federal Housing Finance Agency ("FHFA"), acting as conservator of the GSEs, filed seventeen actions in this district against various financial institutions in connection with these transactions.  One action was transferred to the Central District of California as related to defendant Countrywide's bankruptcy proceedings in that district.  FHFA v. Countrywide Financial Corp., et al., No. 11 Civ. 6916 (DLC) (S.D.N.Y. Feb. 8, 2012) (transfer order).  Four others have been dismissed as settled between the parties: FHFA v. General Electric Co., et al., No. 11 Civ. 7048 (DLC); FHFA v. Citigroup Inc., et al., No. 11 Civ. 6196 (DLC); FHFA v. UBS Americas Inc., et al., No. 11 Civ. 5201 (DLC); and FHFA v. JPMorgan Chase & Co., et al., No. 11 Civ. 6188 (DLC).  Discovery in one additional related action pending in the District of Connecticut, FHFA v. The Royal Bank of Scotland Group PLC, et al., 3:11-cv-1383 (AWT), is being coordinated with the cases pending in this Court.

pools of underlying mortgages and entitled the owners to income in the form of payments on those mortgages.  The value of the certificates thus depended on the ability of mortgagors to repay the loan principal and interest and the adequacy of the collateral in the event of default.  FHFA v. UBS Americas, Inc., 858 F. Supp. 2d 306, 312 (S.D.N.Y. 2012).

FHFA has asserted claims under the Securities Act of 1933 (the "'33 Act"), 15 U.S.C. §§ 77a et seq., as well as under the Blue Sky laws of Virginia, Virginia Securities Act, VA Code Ann. § 13.1-522, and the District of Columbia, District of Columbia Securities Act, D.C. Code § 31-5606.05.  Freddie Mac is based in Virginia and Fannie Mae is based in the District of Columbia. Each of these actions contains claims asserted under both the Virginia and D.C. Blue Sky Laws, with the exception of FHFA v. First Horizon National Corp., No. 11 Civ. 6193 (DLC), which involves only the D.C. Blue Sky law, and FHFA v. Ally Financial Inc., No. 11 Civ. 7010 (DLC), which involves only the Virginia Blue Sky law.

In their answers, the defendants asserted loss causation as an affirmative defense, indicating that they intended to argue that the losses suffered by the GSEs were caused, at least in part, not by the particular misrepresentations in the offering documents at issue, but by the financial crisis generally.  Such a defense was added to Section 12 of the '33 Act by the Private

Securities Litigation Reform Act of 1995 (the "PSLRA"), Pub. L. No. 104-67, 109 Stat. 737, which provided that

> if the person who offered or sold such security proves
> that any portion or all of the amount recoverable
> . . . represents other than the depreciation in value
> of the subject security resulting from such part of
> the prospectus or oral communication, with respect to
> which the liability of that person is asserted . . .
> then such portion or amount, as the case may be, shall
> not be recoverable.

15 U.S.C. § 77l(b).

FHFA filed its motion for partial summary judgment on September 27, 2013, arguing that the Virginia and D.C. Blue Sky laws do not provide a loss causation defense analogous to the one provided in Section 77l(b) of the '33 Act, and seeking to bar the defendants' loss causation defenses as a matter of law. The defendants opposed FHFA's motion on November 1, and along with their opposition filed a motion to certify to the Virginia Supreme Court the issue of whether the Virginia Blue Sky law contains a loss causation defense.  FHFA's motion for partial summary judgment became fully submitted on November 22, while defendants' motion to certify was fully submitted on December 6.

DISCUSSION

I.  Motion for Summary Judgment

Unlike the '33 Act, neither the Virginia nor the D.C. Blue Sky laws explicitly contain a loss causation defense.  The Virginia Blue Sky law provides, in pertinent part, that

> [a]ny person who . . . sells a security by means of an untrue statement of a material fact or any omission to state a material fact necessary in order to make the statement made, in light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him who may sue either at law or in equity to recover the consideration paid for such security, together with interest thereon at the annual rate of six percent, costs, and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of such security, or for the substantial equivalent in damages if he no longer owns the security.

Va. Code Ann. § 13.1-522(A) (emphasis supplied).  The only two defenses explicitly provided absolve a defendant of liability if the purchaser knew of the "untruth or omission" at issue or if the defendant proves that "he did not know, and in the exercise of reasonable care could not have known, of such untruth or omission."  Id.  The statute also provides the remedy of rescission, allowing a plaintiff to recover essentially the full purchase price of the security at issue after tendering it to the defendant.  Id.

Nowhere does the text of the statute allow a defendant to avoid liability for portions of the plaintiff's loss that it shows were not caused by the misrepresentations at issue.  The defendants do not provide any interpretation of the text that they say supports such a reading, nor do they cite any Virginia case law that has ever interpreted this text to include a loss causation defense.  Moreover, as FHFA observes, a loss causation defense would be somewhat at odds with the statute's rescission remedy, which allows a plaintiff to essentially return the security for the full purchase price, without any reduction based on intervening and unrelated changes in the security's value.

Defendants rely primarily on federal law in arguing that a loss causation defense should be read into the Virginia Blue Sky law.  Defendants begin by pointing out that the Virginia Blue Sky law was based on the '33 Act, and that Virginia courts therefore look to federal law in interpreting their own Blue Sky law.  Defendants rely in particular on Andrews v. Browne, 662 S.E.2d 58 (Va. 2008), which observed that "the Virginia Securities Act should receive similar construction as the 1933 and 1934 Acts."  Id. at 62 (citation omitted).  Of course, the PSLRA added a loss causation defense to the Securities Act in 1995, while the Virginia Blue Sky law has never been similarly amended.  Defendants argue that the Virginia Securities Act

10

should nevertheless be interpreted to include a loss causation defense because the '33 Act always included a loss causation defense implicitly, and the PSLRA merely <u>clarified</u> that such a defense had always been part of the law.

Defendants' argument suffers from several flaws.  First, and perhaps most critically, the '33 Act did not actually include a loss causation defense before the enactment of the PSLRA.  As the Supreme Court observed in <u>Randall v. Loftsgaarden</u>, 478 U.S. 647 (1986), "by enabling the victims of prospectus fraud to demand rescission upon tender of the security, Congress shifted the risk of an intervening decline in the value of the security to defendants, whether or not that decline was actually caused by the fraud."  <u>Id</u>. at 659; <u>see also Wilson v. Saintine Exploration & Drilling Corp.</u>, 872 F.2d 1124, 1126 (2d Cir. 1989); 1 Thomas L. Hazen, <u>The Law of Securities Regulation</u> § 7.5.3, at 332 (2d ed. 1990) (noting that under Section 12, plaintiffs are "entitled to rescissionary damages regardless of the reason for the decline in value").

Defendants do not cite any case holding that a loss causation defense existed under Section 12 of the Securities Act before the enactment of the PSLRA.  Instead, defendants rely principally on the Senate Report that accompanied the PSLRA, which observed that Section 12 was being amended "to clarify that defendants may raise the absence of 'loss causation' as an

11

affirmative defense." S. Rep. No. 104-98, at 23 (1995). This
is a meagre thread on which to hang an argument. There is no
justification for treating the Senate's use of the term
"clarify" in 1995 as a controlling interpretation of the meaning
of the Securities Act of 1933. As the Supreme Court has
insisted, "[p]ost-enactment legislative history (a contradiction
in terms) is not a legitimate tool of statutory interpretation."
Bruesewitz v. Wyeth LLC, 131 S. Ct. 1068, 1081-82 (2011).
Since, as defendants concede, no federal court interpreted the
'33 Act as incorporating a loss causation defense before one was
added by the PSLRA, there is no reason to think the Virginia
Supreme Court would read a loss causation defense into the
Virginia Securities Act if confronted with the question now.

Nor have defendants shown that Virginia courts follow
federal law so slavishly as to incorporate into Virginia
statutes amendments that have been made to their federal
counterparts. While defendants press the Virginia Supreme
Court's observation that "the Virginia Securities Act should
receive similar construction as the 1933 and 1934 Acts,"
Andrews, 662 S.E.2d at 62, they ignore the following sentence,
which explains that "[w]hen engaged in interpretation of a term
used in the Virginia Securities Act, it is appropriate to look
to the federal courts' interpretation of the same term in the
context of the 1933 and 1934 Acts." Id. Defendants have not

12

pointed to any term in the Virginia Securities Act whose
ambiguity requires a turn to federal law.

Defendants also rely on a handful of cases from Virginia
courts that they argue support reading a loss causation defense
into the Virginia Securities Act.  For instance, defendants
quote the Virginia Supreme Court as holding that a claim for
damages under the VSA requires proof that the plaintiff
"reasonably relied" on a defendant's misstatement, and that
"this reasonable reliance resulted in provable damages."  Bd. of
Supervisors v. Davenport & Co., 742 S.E.2d 59, 63 (Va. 2013).
As FHFA observes, however, that case involved a claim for fraud
in connection with financial advice under Section 13.1-522(B) of
the VSA, which allows a plaintiff to recover "any loss due to
such advice."  Va. Code Ann. § 13.1-522(B).  Section 13.1-
522(A), at issue here, contains no similar language suggesting
that damages be limited to those caused by the misrepresentation
at issue.

Defendants also claim that the Virginia Supreme Court is
"reluctant to expand liability in civil cases" and therefore
"would very likely agree with Congress that recognizing a loss
causation defense is necessary" to avoid "providing an unfair
windfall to shareholders."  The Virginia Supreme Court also,
however, requires courts to "apply the plain language of a
statute unless the terms are ambiguous."  Boynton v. Kilgore,

13

623 S.E.2d 922, 926 (Va. 2006).  Again, defendants have not

pointed to any ambiguity in the Virginia Blue Sky law that could

be interpreted to provide a loss causation defense.

Nothing in the D.C. Blue Sky law supports reaching a

different result in interpreting that statute.  The relevant

provisions of the D.C. Blue Sky law are essentially the same as

those of their Virginia counterpart:  the D.C. law contains the

same affirmative defenses, D.C. Code § 31-5606.05(a)(1)(B), and

similarly provides, in the way of damages, that a plaintiff may

"recover the consideration paid for the security . . . less the

amount of any income received on the security, upon the tender

of the security."  Id. at § 31-5606.05(b)(1)(A).  Like the

Virginia Blue Sky law, the D.C. Blue Sky law is based on the

Uniform Securities Act, Forrestal Vill., Inc. v. Graham, 551

F.2d 411, 414 & n.4 (D.C. Cir. 1977), which itself is modeled on

the pre-PSLRA language of Section 12 of the '33 Act.  Gustafson

v. Alloyd Co., Inc., 513 U.S. 561, 602-03 (1995) (Ginsburg, J.,

dissenting).

Defendants rely on Price v. Griffin, 359 A.2d 582 (D.C.

Cir. 1976), which they argue establishes that a plaintiff must

prove reliance to establish liability under the D.C. Blue Sky

law.  Even if this were so,[2] the court's "general proposition"

that "recovery should not be allowed . . . if the sale was made

under circumstances showing that such misrepresentation was not

one which caused the investor to enter into the transaction,"

id. at 588, simply does not speak to the issue of loss

causation.  Nor does it, as the defendants insist, enshrine a

principal of preventing "windfall awards" that overrides the

text of the statute at issue.  As with the Virginia Securities

Act, there is no basis to read a loss causation defense into the

D.C. Blue Sky law.

II.  Motion for Certification

       Defendants argue, in a related motion, that the question of

whether a loss causation defense exists under Virginia law

should be certified to the Virginia Supreme Court.  Rule 5:40 of

the Supreme Court of Virginia allows federal district courts to

certify questions of law "if a question of Virginia law is

determinative in any proceeding pending before the certifying

court and it appears there is no controlling precedent on point

in the decisions of this Court or the Court of Appeals of

Virginia."  Va. Sup. Ct. Rule 5:40(a).  The Virginia rules also

require the certifying court to provide, inter alia, "a brief

statement explaining how the certified question of law is

---

[2] Price is not entitled to much weight as controlling authority.
FHFA v. Merrill Lynch & Co., 903 F. Supp. 2d 274, 280 (S.D.N.Y.
2012).

determinative of the proceeding in the certifying court."  Id.
at 5:40(c)(6).

The Second Circuit, however, has explained that
certification "must not be a device for shifting the burdens of
this Court to those whose burdens are at least as great" because
"it is our job to predict how the forum state's highest court
would decide the issues before us."  DiBella v. Hopkins, 403
F.3d 102, 111 (2d Cir. 2005) (citation omitted).  Thus,
"[c]ertification is to be used in those cases where there is a
split of authority on the issue, where a statute's plain
language does not indicate the answer, or when presented with a
complex question of [state] common law for which no [state]
authority can be found."  Id. (citation omitted).  The Second
Circuit has elsewhere described three factors to be considered:
"(1) the absence of authoritative state court decisions; (2) the
importance of the issue to the state; and (3) the capacity of
certification to resolve the litigation."  Casey v. Merck & Co.,
Inc., 653 F.3d 95, 101 (2d Cir. 2011) (citation omitted).

The issue presented here is not one that is ripe for
certification.  While there may not be controlling Virginia case
law, there is also not a split of authority.  Indeed, the
resolution of the issue is made sufficiently clear by the text

16

of the statute itself.  Certification would therefore be
inefficient and unnecessary.[3]


                        CONCLUSION

     FHFA's September 27, 2013 motion for partial summary
judgment is granted.  Defendants' November 1, 2013 motion to
certify a question of law is denied.


Dated:    New York, New York
          December 16, 2013

                         _____
                              DENISE COTE
                         United States District Judge

---

[3] The parties expend much energy debating whether the resolution
of this legal issue would be sufficiently "determinative" in
this litigation within the meaning of the Virginia Supreme
Court's rules.  It is not necessary to reach this issue to
conclude that certification is not appropriate, since the
"statute's plain language . . . indicate[s] the answer."
DiBella, 403 F.3d at 111.