UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :    11 Civ. 6189 (DLC)
                                        :    11 Civ. 6190 (DLC)
                                        :    11 Civ. 6193 (DLC)
              Plaintiff,                :    11 Civ. 6195 (DLC)
                                        :    11 Civ. 6198 (DLC)
         -v-                            :    11 Civ. 6200 (DLC)
                                        :    11 Civ. 6201 (DLC)
                                        :    11 Civ. 6202 (DLC)
HSBC NORTH AMERICA HOLDINGS INC., et    :    11 Civ. 6203 (DLC)
al.,                                    :    11 Civ. 6739 (DLC)
                                        :    11 Civ. 7010 (DLC)
              Defendants;               :
                                        :           ORDER
And other FHFA cases.                   :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

　　　The Court and the parties in these coordinated actions have spent countless hours addressing the proper scope of discovery in this litigation. A significant portion of this time and effort has been devoted to identifying the proper scope of discovery to be provided to the defendants by FHFA insofar as it concerns the operations of the GSEs' Single Family businesses. Recent correspondence from the parties requires this Court to revisit these issues in the context of documents being produced to certain of the defendants in other, related litigation. This Order addresses the ability of the parties before this Court to use in the actions pending in this district (the "New York Actions") discovery materials obtained in the related

California litigation, FHFA v. Countrywide Financial Corp., 12-cv-1059-MRP (C.D. Cal.) ("Countrywide").[1]  As described by the parties, the dispute principally concerns materials being produced in the Countrywide case that relate to the Single Family businesses of the GSEs.

In the New York Actions, the defendants have sought discovery of the GSEs' Single Family businesses since at least July 2012.  After ruling on these disputes at several conferences, an Opinion of June 2013 addressed the proper scope of this discovery given the legal standards applicable in the litigation pending before this Court.  FHFA v. UBS Americas, Inc., 11 Civ. 5201 (DLC), 2013 WL 3284118 (S.D.N.Y. June 28, 2013)("June 28 Opinion").  Following the issuance of that Opinion, these issues were raised again on several occasions.  For instance, they were raised in the context of the defendants' requests for certain discovery from Clayton, a due diligence vendor, and as recently as this past December, they were raised in the context of expansive demands for additional discovery from the GSEs themselves.  After a lengthy conference with the parties on December 9, certain of the defendants issued further subpoenas to third parties in an effort to obtain the type of

---

[1] The Countrywide action was transferred to the Central District of California on February 7, 2012 as related to the Countrywide bankruptcy.

2

material that the Court had already ruled was not properly discoverable in these actions. On December 18, the Court ordered that "defendants cease efforts to obtain from third parties the types of documents and information that this Court has previously ruled they may not obtain from the GSEs or others."

The Court now considers the FHFA's letters of December 19 and January 6 and the defendants' letters of January 6 and 7. In its December 19 letter, the FHFA requests an order precluding the defendants from using documents regarding the Single Family businesses of the GSEs that are being produced in the Countrywide case. At least two sets of defendants in the Countrywide case remain active litigants in the New York Actions and can be expected to receive the Countrywide case documents.[2] They are Bank of America ("BofA") and Royal Bank of Scotland ("RBS"). RBS is also a defendant in related litigation pending in the District of Connecticut.

In a letter of January 6, counsel for BofA argues that defendants should be permitted to use in the New York Actions

---

[2] The parties have not directly addressed in their letters the extent to which, under the terms of the protective order entered in the New York Actions, the other defendants in the New York Actions may be entitled to receive documents that come into the possession of either BofA or RBS solely as a result of discovery procured in the Countrywide case.

all documents that have been and will be produced in the Countrywide case. But, each judge supervising litigation must decide the appropriate parameters for discovery in that litigation. The contours of discovery in a particular case will be established by a court with attention to the issues, facts, law, litigation history and schedule relevant to the particular action in light of the principles established by the Federal Rules of Civil Procedure. Thus, the fact that certain materials have been produced in discovery in the Countrywide case does not automatically make those materials discoverable in the New York Actions. It would appear that the Honorable Mariana R. Pfaelzer, presiding over the Countrywide case, has already indicated as much to the parties before her. Judge Pfaelzer entered a Protective Order governing use of documents produced in that action on August 5, 2013. Although the Order does not preclude the parties from using documents produced in that case in the New York Actions, Judge Pfaelzer agreed at the conference discussing the Order that it was "perfectly correct" that "whether or not documents that are discoverable in this case are considered discoverable [in those actions] is going to be Judge Cote's call."

Notably, while the Countrywide protective order was issued on August 5, the defendants in the New York Actions did not

represent at prior conferences with the Court, including those on October 31 or December 9, or in their letters preceding those conferences, that they believed they could use discovery obtained in the Countrywide case but denied in the New York Actions in the litigation of the New York Actions.  Indeed, at the December 9 conference, defendants used the fact that Judge Pfaelzer had "ordered FHFA to produce documents relating to the single-family side" to bolster their argument regarding burden, but they never suggested that discovery approved in the Countrywide case would be automatically usable in the New York Actions and thus moot the discovery requests for the same material in the New York Actions.

At each juncture in this litigation, the parties' discovery requests have been addressed on the merits.  Where appropriate in the New York Actions, requests for discovery of the Single Family businesses have been granted in the New York Actions.  The defendants have had ample opportunity to explain why discovery of additional materials related to the GSEs' Single Family businesses should be discoverable.  They have failed to make that case.  The parties are entitled, and expected, at this time to rely on the rulings that have been made in the New York Actions regarding the scope of discovery.  To the extent they come to believe at this juncture in the litigation that they are

entitled to additional document discovery from a party or third-party, the June 28 Opinion describes the process they must use to make any such application. Accordingly, it is hereby

ORDERED that the parties shall not be permitted to use documents produced in the Countrywide action, but not the New York Actions, during discovery, motion practice, or trial in the New York Actions.

IT IS FURTHER ORDERED that the counsel for BofA is reminded that letters to this Court are limited in length to two pages.

Dated:   New York, New York
         January 8, 2014

                                 _____
                                         DENISE COTE
                                 United States District Judge