UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
FEDERAL HOUSING FINANCE AGENCY,         :      11 Civ. 6189 (DLC)
                                        :      11 Civ. 6190 (DLC)
                    Plaintiff,          :      11 Civ. 6193 (DLC)
                                        :      11 Civ. 6198 (DLC)
        -v-                             :      11 Civ. 6200 (DLC)
                                        :      11 Civ. 6201 (DLC)
                                        :      11 Civ. 7010 (DLC)
HSBC NORTH AMERICA HOLDINGS INC., et    :
al.,                                    :      MEMORANDUM OPINION
                                        :          & ORDER
                    Defendants;         :
                                        :
And other FHFA cases.                   :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

The parties in these coordinated litigations dispute
whether documents have properly been withheld on the ground of
attorney-client or work-product privilege.  Following letters of
March 5 and 14, the parties submitted the challenged documents
for review in camera on March 21.  After a recitation of the
governing legal standards, each party's challenged privilege
claims that pertain to an invocation of the attorney-client or
work-product privileges are considered in turn.  Orders in this
Opinion appear in each of these sections, as well as at the end
of this Opinion.

I.    **Legal Standards**

    A.    **Attorney-Client Privilege**

The standard for invocation of the attorney-client privilege is well established.  It protects communications "(1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal assistance."  Brennan Ctr. for Justice at NYU School of Law v. U.S. Dep't of Justice, 697 F.3d 184, 207 (2d Cir. 2012) (citation omitted).

The mere fact that attorneys are involved in a communication does not cloak it with privilege.  To qualify for the privilege, a communication must be "generated for the purpose of obtaining or providing legal advice as opposed to business advice."  In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007) (emphasis added).  In determining the purpose of a communication, courts consider "whether the predominant purpose . . . is to render or solicit legal advice."  Id. at 420. "[L]egal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct."  Id. at 419.

Attorney-client privilege may encompass those who assist a lawyer in representing a client.  Where communications from a client to a consultant are made in confidence and "for the purpose of obtaining legal advice from the lawyer," the

communication is privileged.  <u>United States v. Kovel</u>, 296 F.2d 918, 922 (2d Cir. 1961).  But, "if the advice sought is the [consultant]'s rather than the lawyer's, no privilege exists." <u>Id.</u>  As the attorney-client privilege is to "be narrowly construed and expansions cautiously extended," <u>United States v. Weissman</u>, 195 F.3d 96, 100 (2d Cir. 1999) (per curiam), this extension of the privilege "has always been a cabined one." <u>United States v. Mejia</u>, 655 F.3d 126, 132 (2d Cir. 2011).

   **B.   Attorney Work-Product Doctrine**

   The work-product doctrine grants qualified protection to "materials prepared by or at the behest of counsel in anticipation of litigation or for trial."  <u>In re Grand Jury Subpoena Dated July 6, 2005</u>, 510 F.3d 180, 183 (2d Cir. 2007) (citation omitted); <u>see</u> Fed. R. Civ. P. 26(b)(3)(A).  A document is prepared "in anticipation of litigation" if, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained <u>because of</u> the prospect of litigation." <u>United States v. Adlman</u>, 134 F.3d 1194, 1202 (2d Cir. 1998) (citation omitted).  The work-product doctrine does not protect documents "prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation."  <u>Id.</u> at 1202.

3

There are two varieties of work product: fact work product, which includes "factual material, including the result of a factual investigation," and opinion work product, which would "reveal counsel's thought processes in relation to pending or anticipated litigation." In re Grand Jury Subpoena, 510 F.3d at 183-84. (citation omitted)  Fact work-product protection can be overcome by a showing that the requesting party has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain the substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A)(ii).

## II.  The Challenged Privilege Claims

### A.   RBS's Privilege Claim

RBS Securities, Inc. ("RBS") has asserted that the attorney-client privilege protects from disclosure the document identified as RBS-Priv-000283.  It is an e-mail chain with communications among RBS, its outside counsel McKee Nelson LLP ("McKee"), and employees of accounting firm Deloitte & Touche LLP ("Deliotte") concerning edits to a draft prospectus supplement.  In a letter, RBS asserts that McKee was involved in the preparation of the supplement, and that Deloitte was providing accounting expertise to assist McKee in its representation of RBS.  Decision is reserved pending a further submission by RBS.  It is hereby

ORDERED that RBS may provide an affidavit that explains McKee's role in connection with the draft supplement and any basis to find that it was providing legal advice to RBS in that work, explains who retained Deloitte in connection with the work on the draft supplement, and offers any other relevant information in support of RBS's claim of privilege.

**B.   Nomura's Privilege Claim**

Nomura Holding America Inc. ("Nomura") has withheld one set of documents, Nom-FHFA PRIV 0000001-13, on the ground that it is protected by the work-product privilege and the attorney-client privilege.  Nomura has produced these documents for in camera review, together with an ex parte declaration providing relevant context.  Decision is reserved pending a further submission by Nomura.

To the extent that the Nomura documents are the kinds of documents that were routinely prepared before April 2011 by business personnel for use by business personnel in connection with decisions about the repurchase of loans and to negotiate repurchase requests with business partners, then they would not be protected by the work-product privilege simply because that task was transferred to personnel within the legal department. Similarly, to the extent an attorney is making a judgment about the probability of a loan requiring repurchase, it is not clear

from the submissions why the exercise of that judgment constitutes legal advice.  Accordingly, it is hereby

ORDERED that Nomura may make a supplemental submission to support a finding of privilege.

### C.   HSBC's Privilege Claims

HSBC North America Holdings, Inc. ("HSBC") has presented four sets of documents for in camera review, as well as an ex parte declaration providing relevant context.  They are HSBC Log 10, No. 252500641-861; HSBC Log 7, No. 37126447-471; HSBC Log 9, No. 21401002-020; and HSBC Log 7, Nos. 196109560-566 and 196109571.  Having reviewed these documents, it is hereby

ORDERED that two of these sets of documents, HSBC Log 10, No. 252500641-861, and HSBC Log 7, Nos. 196109560-566 and 196109571, are privileged and may be withheld in discovery. Decision is reserved regarding the other two sets.

IT IS FURTHER ORDERED that documents, including e-mails, created in connection with a request for advice from in-house counsel regarding courses of action after a loan originator has denied a loan repurchase request may be withheld.  To the extent that the request for advice attaches business records created in the ordinary course of business, those business records do not become privileged because copies are also sent to counsel in connection with a request for advice.  To the extent business

records have been altered to assist counsel in providing advice, those altered business records are privileged.

IT IS FURTHER ORDERED that documents created by counsel that include descriptions of the law and regulatory requirements may be withheld.

IT IS FURTHER ORDERED that discussions that include counsel regarding whether business decisions comply with the law and regulatory requirements may be withheld.  Similarly, documents which are created to assist decision-makers in evaluating a proposed course of conduct, which include a reference to legal or regulatory risks or requirements, and which are provided to counsel among others to assist counsel in giving their legal advice about the proposed decision are privileged.

IT IS FURTHER ORDERED that decision is reserved on Log 7, No. 37126447 ff.  Although the document, a trend report, bears a footer marking it as privileged, there is an insufficient basis to conclude that it is privileged.  It does not identify itself as prepared by counsel or to obtain advice from counsel.  It appears to be a periodic report.  While the e-mail chain to which it is attached eventually included counsel, FHFA is not challenging the designation of the e-mail chain as privileged. HSBC may supplement its submission to support a claim of privilege for the report.

IT IS FURTHER ORDERED that decision is reserved on Log 9, No. 21401002 ff.  This draft business report bears a header indicating that it is privileged, but it does not appear to contain any other information reflecting that it was created to obtain advice from counsel, that counsel were involved in the drafting of the document, or that counsel would be reviewing the document to give legal advice before it could be disseminated. The team responsible for the document is listed, and does not appear to include attorneys.  HSBC may supplement its submission to support a claim of privilege for the report.

### D.   Goldman Sachs's Privilege Claims

Goldman, Sachs & Co. ("Goldman Sachs") has presented four documents for in camera review,[1] as well as an ex parte declaration explaining the context for the preparation of each of these documents.  Through its submission, Goldman Sachs has shown that the four documents are entitled to be withheld as privileged documents.  Accordingly, it is hereby

ORDERED that Goldman Sachs may withhold these four documents.

---

[1] The four documents are F01531-L00286864, corresponding to Privilege Log Entry 730; F01531-E02743110 to –E02743125, corresponding to Privilege Log Entry 523; F01536-E53088171 to – E53088172, corresponding to Privilege Log Entry 875; and F01536-E33071545 to –E33071551, corresponding to Privilege Log Entry 20.

IT IS FURTHER ORDERED that the parties in these coordinated litigations may withhold on the ground of privilege documents, including e-mails, that were prepared to assist in-house or outside counsel in connection with the task of preparing employees, officers, or directors to testify in connection with ongoing litigation or before any investigatory body, governmental agency, or Congress.

IT IS FURTHER ORDERED that the parties in these coordinated litigations may withhold on the ground of privilege documents, including e-mails, that were created to provide in-house or outside counsel information in order for counsel to render an opinion regarding the institution's liability exposure for alleged breaches of representations and warranties made by the institution.

**E.   FHFA's Privilege Claims**

The defendants in these coordinated actions have challenged FHFA's designation of twenty documents as privileged.  Five of these challenges implicate the privileges addressed in this Opinion.  They are FHFA Log Entries 4035, 4122, 4339, 4272, and 3864.  Having reviewed these documents, it is hereby

ORDERED that, with the exception of Log Entry 4035, FHFA may withhold these documents as privileged.

IT IS FURTHER ORDERED that documents created by attorneys reflecting the attorney's evaluation of the quality and/or

adequacy of representations made by sellers of products to a GSE are privileged.

IT IS FURTHER ORDERED that documents created by the staff working for attorneys, and documents created by other employees in the organization at the direction of counsel, in order to assist counsel to provide legal advice are protected.

IT IS FURTHER ORDERED that communications between attorneys and consultants working under the direction of counsel to assist counsel in providing legal advice are protected.

IT IS FURTHER ORDERED that decision is reserved regarding Log Entry 4035.  Ordinary business records that are provided to counsel among others are not protected.  This is true even when a copy of the document was provided to counsel in order to obtain legal advice about the issues contained in the document. FHFA may supplement its submission seeking protection of this document.

## III. Subsequent Proceedings

In light of the above rulings, it is hereby

ORDERED that, to the extent a party desires to argue that a document is privileged solely because it was so marked at the time of its creation, that party must consult with counsel for all parties in these actions to see if there is agreement that all such documents will be deemed to be privileged for the

purpose of this coordinated litigation only, will require no further review, and may be withheld from disclosure.

IT IS FURTHER ORDERED that supplemental submissions allowed by this Opinion are due by April 16.

IT IS FURTHER ORDERED that counsel shall confer and advise the Court whether a conference is necessary to discuss these issues in greater detail, or because any attorney wishes the Court to reconsider any ruling.

IT IS FURTHER ORDERED that the parties shall, by April 16, or by some other date agreed upon by the parties, submit to opposing counsel revised privilege logs that comport with the rulings above, and have removed entries where the party is no longer asserting a privilege.

IT IS FURTHER ORDERED that, two weeks after the date on which counsel exchange revised privilege logs, or some other period of time agreed upon by the parties, the parties shall raise with the Court any challenges to claims of privileges in the revised privilege logs by pursuing the same process that produced this set of challenges.

IT IS FURTHER ORDERED that, by April 7, the parties shall inform the Court whether they believe a conference is necessary and what dates they have selected to exchange revised privilege

logs and to bring any remaining challenges to those logs.


Dated:     New York, New York
           April 3, 2014

           _____
                    DENISE COTE
            United States District Judge