```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
 FEDERAL HOUSING FINANCE AGENCY,         :   11 Civ. 6189 (DLC)
                                         :   11 Civ. 6193 (DLC)
                    Plaintiff,           :   11 Civ. 6198 (DLC)
                                         :   11 Civ. 6201 (DLC)
         -v-                             :   11 Civ. 7010 (DLC)
                                         :
                                         :   OPINION & ORDER
                                         :
 HSBC NORTH AMERICA HOLDINGS INC., et    :
 al.,                                    :
                                         :
                    Defendants,          :
                                         :
 And other FHFA cases.                   :
                                         :
----------------------------------------X
```

APPEARANCES:

For plaintiff FHFA:

Philippe Z. Selendy
Christine H. Chung
Richard A. Schirtzer
Manisha M. Sheth
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Fl.
New York, New York 10010

Eric B. Bruce
Steven W. Perlstein
David McGill
Brad H. Samuels
KOBRE & KIM LLP
800 Third Ave.
New York, New York 10022

Kanchana Wangkeo Leung
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

For Goldman Sachs defendants:

Richard H. Klapper
SULLIVAN & CROMWELL LLP
125 Broad St.
New York, New York 10004

For Nomura defendants:

Amanda F. Davidoff
SULLIVAN & CROMWELL
125 Broad St.
New York, New York 10004

For HSBC defendants:

Reginald R. Goeke
Robert W. Hamburg
John M. Conlon
MAYER BROWN LLP
1675 Broadway
New York, New York 10019

For RBS defendants:

William T. Russell, Jr.
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, New York 10017


DENISE COTE, District Judge:

   The parties in these coordinated litigations dispute whether documents have been withheld properly on the ground of privilege.  An Opinion of April 3, 2014 addressed claims related to the attorney-client and work product privileges, and in certain instances gave the parties the opportunity to make further submissions.  This Opinion responds to those further submissions and addresses claims related to the invocation of

2

the deliberative process and bank examination privileges by plaintiff, the Federal Housing Finance Agency ("FHFA").

**I.    Attorney-Client and Work Product Privileges**

The April 3 Opinion ruled on certain documents and permitted RBS, Nomura, HSBC, and FHFA an opportunity to make further submissions in support of their invocations of the attorney-client or work product privileges regarding other documents.  Rather than making a further submission, HSBC and FHFA have agreed to produce those documents.  In a letter of April 11, RBS indicated that the challenged document related to a securitization in a case that has been settled and dismissed.  Nomura made a supplemental submission on May 7.

Having reviewed the Nomura submission, it is hereby

ORDERED that Nomura may withhold the documents Nom-FHFA PRIV 01-13 as privileged.

IT IS FURTHER ORDERED that documents prepared for or by counsel for Nomura following its exit from the mortgage securitization business that reflect counsel's assessments of the legal merit of repurchase demands may be withheld.

**II.   Deliberative Process Privilege**

    **A.    Legal Standard**

        **1.    Two-Pronged Test**

The deliberative process privilege extends to any "inter- or intra-agency document" that is "(1) predecisional, i.e.,

3

prepared in order to assist an agency decisionmaker in arriving at his decision, and (2) deliberative, i.e., actually related to the process by which policies are formulated." Brennan Ctr. for Justice at NYU Sch. of Law v. U.S. Dep't of Justice, 697 F.3d 184, 194 (2d Cir. 2012) (citation omitted). The privilege is motivated by "the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news" and the desire to "enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9 (2001) (citation omitted).

### a) "Predecisional"

The privilege does not attach to documents "merely peripheral to actual policy formation; the record must bear on the formulation or exercise of policy-oriented judgment." Tigue v. U.S. Dep't of Justice, 312 F.3d 70, 80 (2d Cir. 2002) (citation omitted). "[W]hile the agency need not show ex post that a decision was made, it must be able to demonstrate that, ex ante, the document for which executive privilege is claimed related to a specific decision facing the agency." Id.

Communications concerning a decision "after the decision is finally reached" and "designed to explain it" are not privileged because such disclosure should not affect the quality of

4

decision-making going forward, "as long as prior communications and the ingredients of the decisionmaking process are not disclosed."  NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 151-52 (1975).

### b) "Deliberative"

The privilege extends to "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated," as well as "draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."  Brennan Ctr., 697 F.3d at 194 (citation omitted).

The Second Circuit has observed that other circuit courts have considered the following factors: whether the document "(i) formed an essential link in a specified consultative process, (ii) reflects the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency."  Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 482 (2d Cir. 1999) (citation omitted).

The privilege does not, "as a general matter, cover purely factual material."  Id. at 482 (citation omitted).  Thus, "memoranda consisting only of compiled factual material or purely factual material contained in deliberative memoranda and

5

severable from its context w[ill] generally be available for discovery." Id. (quoting Env't Prot. Agency v. Mink, 410 U.S. 73, 87-88 (1973)).

### 2. Exceptions to the Deliberative Process Privilege

Even when a document is predecisional and deliberative, it falls outside the privilege "(1) when the contents of the document have been adopted, formally or informally, as the agency position on an issue or are used by the agency in its dealings with the public; and (2) when the document is more properly characterized as an opinion or interpretation which embodies the agency's effective law and policy, in other words, its working law." Brennan Ctr., 697 F.3d at 194-95 (citation omitted). As described below, the deliberative privilege, as well as the bank examination privilege, may be overcome by a showing of good cause based on analysis of competing interests. FHFA v. JPMorgan Chase & Co., 11 Civ. 6188 (DLC), --- F. Supp. 2d. ---, 2013 WL 5660247, at *8 (S.D.N.Y. Oct. 16, 2013).

### B. Application

FHFA has invoked the deliberative process privilege with respect to six documents it has provided for in camera review, which it claims relate to deliberations by FHFA's predecessor, the Office of Federal Housing Enterprise Oversight ("OFHEO"). They are FHFA Log Entries 23442, 23830, 23873, 56251, 31946, and 32822. There is a certification by an agency official invoking

6

the deliberative process privilege for the documents associated with the first five of these entries.  FHFA Log Entry 32822, which was previously withheld on the basis of the deliberative process privilege, is being produced in redacted form; the redacted material is being withheld on the basis of the bank examination privilege and is addressed below.  Having reviewed the remaining five documents it is hereby

ORDERED that entries 23442, 23830, 23873, and 31946 are privileged and may be withheld in discovery.  Decision is reserved regarding 56251.

IT IS FURTHER ORDERED that OFHEO drafts of a PLS program assessment that reflect judgment about policies and/or decisions being made and to be made by the agency, and implicitly reflect a recommendation about how those decisions should be characterized in a final report, may be withheld.

IT IS FURTHER ORDERED that OFHEO draft summary assessments of economic risk that reflect the writer's judgment of that risk, and implicitly reflect a recommendation about how that risk should be characterized in a final risk assessment, may be withheld.

IT IS FURTHER ORDERED that OFHEO documents which reflect an employee's assessment of current and/or past operations of the agency for the purpose of responding to questions posed by agency management or agency directors may be withheld.

IT IS FURTHER ORDERED that OFHEO memoranda that include recommendations about the proper scope of internal examinations may be withheld.

IT IS FURTHER ORDERED that FHFA may supplement its submission to support its claim of privilege for entry 56251. Entry 56251 is a lengthy document that appears to be a compilation of data and the analysis of that data using standard criteria.

**III. Bank Examination Privilege**

The bank examination privilege applies to communications between a bank and its regulator including "agency opinions and recommendations," but not to "purely factual material." Schreiber v. Soc'y for Sav. Bancorp, Inc., 11 F.3d 217, 220 (D.C. Cir. 1993); see also In re Bankers Trust Co., 61 F.3d 465, 471 (6th Cir. 1995) (the privilege also covers "banks' responses" to agency opinions and recommendations). Documents that "contain[] factual material that cannot practically be segregated and released" fall within the privilege's ambit. Schreiber, 11 F.3d at 222. The bank examination privilege is "a close cousin of the deliberative process privilege," In re Subpoena Duces Tecum Served on Office of Comptroller of Currency, 145 F.3d 1422, 1423 (D.C. Cir. 1998), and the Third Circuit has observed that "precedent concerning [the two privileges] is often relied upon interchangeably." Redland

Soccer Club, Inc. v. U.S. Dep't of Army, 55 F.3d 827, 853 n.18 (3d Cir. 1995).  In an earlier Opinion in these actions, this Court held the bank examination privilege applicable to communications between Fannie Mae and Freddie Mac (collectively, the "GSEs") and FHFA or OFHEO.  FHFA, 2013 WL 5660247, at *2-6.

FHFA has invoked the bank examination privilege with respect to four documents.  They are FHFA Log Entries 19546, 44336, 6085 and 32822 (redacted material only).  Having reviewed these documents, it is hereby

ORDERED that these four entries, including 32822 to the extent not already disclosed, are privileged and may be withheld.

IT IS FURTHER ORDERED that documents sent by a GSE to OFHEO that reflect recommendations of items to be discussed at a joint meeting may be withheld.

IT IS FURTHER ORDERED that documents sent by a GSE to OFHEO which provide narrative answers to questions may be withheld, for example, when those narrative answers describe GSE policies or purposes or explain GSE practices.

IT IS FURTHER ORDERED that OFHEO communications to the GSEs that provide qualitative reviews of their operations or directions as to the conduct of future operations may be withheld.

**IV.   Good Cause Exception to Both Privileges**

"Both the bank examination and the deliberative process privileges are qualified privileges and may be overridden for good cause based on analysis of competing interests."  FHFA, 2013 WL 5660247, at *8.

> [T]he privilege may be overridden where necessary to promote the paramount interest of the Government in having justice done between litigants, or to shed light on alleged government malfeasance, or in other circumstances when the public's interest in effective government would be furthered by disclosure.

Id. (quoting In re Subpoena Served Upon Comptroller of Currency, 967 F.2d 630, 634 (D.C. Cir. 1992) (citation omitted)).

The parties have relied on the six-factor test first set out in In re Franklin Nat'l Bank Sec. Litig., 478 F. Supp. 577 (E.D.N.Y. 1979), and subsequently adopted by at least three Circuits.  Id. (citing In re Bankers Trust, 61 F.3d at 472; In re Subpoena, 967 F.2d at 634; Fed. Trade Comm'n v. Warner Commc'ns, Inc., 742 F.2d 1156, 1161 (9th Cir. 1984)).  The Franklin factors include: "the relevance of the documents at issue in the litigation, the availability of alternative sources of evidence, the seriousness of the litigation, the role of the government in the litigation (the government's role as a plaintiff weighs toward disclosure), and the possibility of future timidity by government employees."  Id. (citing Franklin, 478 F. Supp. at 583).

10

There is no good cause present here for overriding the determinations that are being made in the application of the deliberative process or bank examination privileges.  The documents subject to the privileges have marginal relevance to the litigation and the defendants have already obtained voluminous discovery from the GSEs.  FHFA has produced over 1.5 million documents and GSE employees have been deposed for days.  While the government is the plaintiff in this lawsuit, it is the defendants' role in the events at issue that is the principal focus of these lawsuits.  To the extent that the conduct or the knowledge of the GSEs will be at issue at trial, the defendants have received ample discovery regarding that conduct and knowledge.  It is of course true that this litigation is serious in the sense that it is substantial, has implications for our economy, and at times raises significant legal and public policy issues.  The focus of the legal claims and defenses here, however, is not on the legality or legitimacy of the conduct of our government.  Finally, it is important to the sound functioning of our government and the institutions it oversees that officials and employees whose decision-making is reflected in these documents continue to express their opinions and judgments on financial governance and policy issues freely.  Given the absence of any strong countervailing factor, there is

no need to risk impeding free discourse on the topics encompassed by these documents.


Dated:     New York, New York
           May 12, 2014

                    _____
                         DENISE COTE
                    United States District Judge