BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

August 20, 2014

**VIA ECF**

Hon. Denise L. Cote
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *FHFA v. HSBC N. Am. Holdings Inc., et al.*, No. 11 Civ. 6189 (S.D.N.Y.) (DLC)

Dear Judge Cote:

On behalf of the HSBC Defendants, we respectfully submit this letter in response to the accusation by FHFA's counsel that we have violated the August 11, 2014 Stipulation and Amended Supplemental Pretrial Scheduling Order (the "Stipulation and Order"), Dkt. No. 885.

The Stipulation and Order undertakes to distinguish "Daubert" motions from other motions directed at expert testimony that are more akin to a motion *in limine*. It sets forth different briefing schedules for the two types of motions, but requires a party to notify opposing counsel of its intent to file a motion that falls into the latter category on the day on which the "Daubert" for that expert would have been due. *See* Stipulation and Order ¶ 2. Among other things, this language helps to streamline briefing of issues that are more akin to a motion *in limine* and that cut across multiple experts with respect to which briefing deadlines differ (because the briefing deadlines are keyed to the dates of those experts' depositions, and expert depositions are continuing through August, and indeed now into September).

On August 15, 2014, HSBC notified FHFA that it intends to file a motion that it understands to be more akin to a motion *in limine*, on two issues that each cut across multiple experts. First, the depositions of three FHFA expert witnesses—Dr. Rubinstein, Professor Schwert, and Mr. Blum—revealed that the FHFA experts (presumably guided by FHFA's counsel) intended to express opinions not contained in their reports based on facts and data not contained in their reports, all in violation of Federal Rule of Civil Procedure 26(b). In view of the propensity of FHFA's witnesses to venture beyond the scope of their written reports and the unfair surprise that those tendencies create, we believe it will be necessary and appropriate for the Court to order, based on a motion *in limine* to be submitted in accordance with Stipulation and Order, that expert witnesses should not present testimony at trial that extends beyond the opinions contained in their written reports.

BOIES, SCHILLER & FLEXNER LLP

Hon. Denise L. Cote
August 20, 2014
Page 2 of 2

      Second, in addition to encouraging their expert witnesses to express surprise opinions, the depositions of Dr. Rubinstein and Mr. Blum confirmed that FHFA also intends to have its witnesses attempt to express legal opinions. In the course of trial, this Court could sustain objections to questions intended to elicit such opinions and address the problem as it arises. Given that this issue arose with more than one FHFA expert and may arise with FHFA experts who have not yet been made available for deposition, we concluded that it would be appropriate to address this common issue in the form of a motion *in limine* pursuant to Stipulation and Order ¶ 2.

      FHFA's submission, complaining that one of our proposed motions *in limine* (a single, five-page letter brief) will be untimely and should be precluded, is ironic given that FHFA has, within the past week, sought to reopen summary judgment briefing and itself served multiple new supplemental expert reports that require HSBC to re-reunderwrite hundreds of loans, amend expert reports in response, and extend expert depositions and, potentially, "Daubert" briefing, well into September.

      In any event, we can and will submit a concise motion *in limine* on these issues on or before August 22, 2014, and see no prejudice to FHFA.[1]

Respectfully submitted,

*Andrew Z. Michaelson /cm*

Andrew Z. Michaelson

cc: All counsel of record (via ECF)

---

[1] FHFA fails to mention that HSBC concluded the deposition of Mr. Blum on August 12, 2014. During the final day of his deposition, Mr. Blum provided testimony regarding the standard of due diligence that an underwriter must meet to avoid liability under the Securities Act of 1933. Accordingly, as a technical matter, any HSBC "Daubert" motion concerning his testimony would not be due until August 22, 2014.