**VIA EMAIL**                                                                                                     August 20, 2014

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, New York, New York 10007-1312

Re:     *FHFA v. HSBC N. Am. Holdings, Inc., et al.*, 11-cv-6189 (S.D.N.Y.); *FHFA v. Goldman Sachs & Co., et al.*, 11-cv-6198 (S.D.N.Y.); *FHFA v. Ally Financial, Inc., et al.*, 11-cv-7010 (S.D.N.Y.); *FHFA v. Nomura Holding Am., Inc., et al.*, 11-cv-6201 (S.D.N.Y.)

Dear Judge Cote:

      I write on behalf of Defendants in the above-captioned actions, in response to FHFA's letter of yesterday requesting that the Court reopen the summary judgment schedule to permit FHFA to move for summary judgment on Defendants' statute of limitations defenses. FHFA's request to file this as-yet-unseen motion more than nine weeks after the original summary judgment deadlines in these cases (June 10 and 20, 2014) is without basis, and, if granted, would improperly interfere with Defendants' preparations for trial. FHFA's request should be denied.

      Under Federal Rule of Civil Procedure 6(b)(1)(B), FHFA must show that the reason it failed to timely file its proposed motion was "excusable neglect." In determining whether a party's failure to timely act was attributable to "excusable neglect," courts in the Second Circuit consider "(i) the danger of prejudice; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith." *Shumsker v. Citigroup Global Markets Inc.*, 2014 WL 2597613, at *2 (2d Cir. June 11, 2014). These factors weigh in favor of denying FHFA's request to reopen the summary judgment schedule in these cases.

      **First**, even though "the reason for the delay" is the most important factor in determining "excusable neglect" under Rule 6 (*see Shumsker*, 2014 WL 2597613, at *2), FHFA does not even attempt to explain why it did not move for summary judgment on Defendants' statute of limitations defenses before the deadlines for such motions. In the absence of *any reason* for FHFA's failure to timely file its proposed partial summary judgment motion, there is no ground for an extension—let alone a months-long extension that would have the HSBC, Ally, and Goldman Defendants rushing to oppose FHFA's new partial summary judgment motion within weeks of their September 29, 2014 trial date. This Court has consistently denied requests for extensions under the "excusable neglect" standard where—as here—the party seeking extra time offers no legitimate reason for failing to meet its original deadline, and "the delay was entirely within the control" of that party. *Eiland v. United States Dep't of Educ.*, 10 Civ. 4131, at 3 (S.D.N.Y. May 6, 2011), ECF No. 21; *see also Baker v. David A. Dorfman, P.L.L.C.*, 2000 WL 420551, at *5 (S.D.N.Y. Apr. 17, 2000) (denying extension where "counsel has offered no excuse" for the failure to timely act, and noting that "[t]he failure to follow the clear dictates of a procedural rule . . . generally does not constitute excusable neglect").

      Instead of offering any basis for its failure to timely file its proposed motion for partial summary judgment, FHFA argues that the summary judgment deadline should be reopened because on July 25, 2014, the Court granted FHFA's motion for partial summary judgment on

1

defendants' knowledge defenses.[1]  The Court's July 25, 2014 Opinion & Order (the "July 25 Order") does not simplify the limitations issue because—as FHFA's own letter acknowledges—Defendants' limitations defenses turn on an entirely different legal standard, and a different set of evidentiary proof, than the knowledge defenses that were the subject of the July 25 Order.  The July 25 Order held that on their knowledge defenses Defendants were required to present evidence that the GSEs had "actual, specific knowledge of the falsity of the particular statements at issue," and could not rely on "[t]he availability elsewhere of truthful information" (July 25 Order at 55–56 (internal quotations omitted)).  The standard that governs Defendants' limitations defenses, however, does require consideration of the broader universe of "availab[le]" information.  Specifically, such information is necessary to assess whether a hypothetical "'reasonably diligent plaintiff' in the GSEs' position" *could have discovered* sufficient "'information about a given misstatement or omission to adequately plead it in a complaint.'" *Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, 858 F. Supp. 2d 306, 320–21 (S.D.N.Y. 2012) (internal formatting omitted).

Furthermore, Defendants' limitations defenses are not limited to what the GSEs knew at the time of purchase, but instead turn on information discoverable by a reasonably diligent plaintiff *through September 7, 2007*, which is long after the GSEs acquired most of the at-issue certificates.  This is significant because, by the summer of 2007, subprime RMBS had been downgraded and Fannie and Freddie were already assessing issues that go to the heart of this case.  ████████████████████████████████████████████  Briefing the limitations issue will require the presentation of months of additional evidence that was not before the Court on Defendants' knowledge defenses.  *See* July 25 Order at 49 (noting that knowledge defense requires proof of actual knowledge "at the time of . . . acquisition").

**Second**, granting FHFA's request to reopen the summary judgment deadline would prejudice Defendants' trial preparation.  When Defendants agreed with FHFA to set summary judgment deadlines of June 10 and 20, 2014, in these actions, it was with the express purpose of "permit[ting] the parties to complete . . . summary judgment briefing in an efficient and effective manner," and with the understanding that the timing of any such briefing "w[ould] not disrupt the deadlines for . . . trial in these Actions" (Exs. B–C).  FHFA's attempt to introduce expedited briefing on an as-yet-unseen motion for partial summary judgment would upset the "efficient and effective" schedule that the parties agreed to and disrupt the trial preparation plans that Defendants have made in reliance on that schedule.  This is especially true in the *HSBC*, *Ally*, and *Goldman* actions, which are scheduled to proceed to trial on September 29, 2014, just ten days after FHFA proposes to submit its reply summary judgment brief.  These actions already have multiple pretrial deadlines in place during the period that FHFA proposes for briefing on its new summary judgment motion (*see* Ex. D)—deadlines negotiated and agreed to with the understanding that the period for summary judgment briefing had long ago expired.  If the Court were to permit FHFA's untimely motion, the schedule proposed by FHFA is unworkable.  Instead, with FHFA's proposed filing date of August 25, Defendants' oppositions should be due at the earliest on September 15, and FHFA's reply should be due September 19, or the parties should meet and confer.

For these reasons, Defendants respectfully request that the Court deny FHFA's request for leave to move for summary judgment on Defendants' statute of limitations defenses.

---

[1] FHFA also does not attempt to explain why it has waited until now—25 days after the issuance of the July 25 Order—to make the instant application.

3

                                                Respectfully submitted,

                                                /s/ Andrew Z. Michaelson

                                                Andrew Z. Michaelson

cc:    All Counsel of Record (via email)
Exhibits