August 21, 2014

**V**IA **ECF**

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA v. HSBC N. Am. Holdings, Inc.*, No. 11. Civ. 6189 (DLC);
      *FHFA v. Goldman, Sachs & Co.*, No. 11 Civ. 6198 (DLC);
      *FHFA v. Nomura Holding Am., Inc.*, No. 11 Civ. 6201 (DLC);
      *FHFA v. Ally Financial Inc.*, No. 11 Civ. 7010 (DLC);

Dear Judge Cote:

    We write in response to the August 19, 2014 Letter ("Letter") filed by Defendants in the above-captioned actions relating to two unpublished, out-of-circuit decisions by a single district court in Texas addressing the Supreme Court's decision in *CTS Corp. v. Waldburger*, 134 S. Ct. 2175 (2014) in the context of FIRREA, 12 U.S.C. § 1821(d)(14).[1]  These decisions do not alter the sound conclusion reached by this Court, affirmed by the Second Circuit, supported by the Tenth Circuit, and endorsed by the United States as *amicus curiae*, that FHFA's claims are timely in these actions.  The determination by the *Merrill Lynch* court to "disregard" the holding of the Second Circuit, slip op. 17, does not and should not apply here.  Nor do Defendants' cited decisions provide any basis for this Court to re-certify this issue to the Second Circuit under 28 U.S.C. § 1292(b).

    *Merrill Lynch* makes a "threshold analytical misstep by equating the statute at issue in th[at] case with the statute in *CTS* and proceeding to argue that the results in the two cases should be the same."  *NCUA v. Nomura Home Equity Loan, Inc.* ("*Nomura*"), --- F.3d ----, 2014 WL 4069137, at *5 n.6 (10th Cir. Aug. 19, 2014).  *Merrill Lynch* ignores that "[t]he text and structure of [FIRREA and HERA] are fundamentally different from [CERCLA]."  *Id.* at *5.  *First*, while *Merrill Lynch* claims that FIRREA only "alters state statutes of limitations," slip op. 12, that description is irreconcilable with the statutory language, which "*create*[*s*] a new, exclusive time limitation applicable to claims brought by specified federal agencies as conservator."  *Nomura*, 2014 WL 4069137, at *6 (quoting Br. for the United States as Amicus Curiae at 22, *CTS Corp. v. Waldburger*, No. 13–339 (Mar. 3, 2014), 2014 WL 828057).  Similar to FIRREA, HERA establishes a new 3- or 6-year time period for claims brought by FHFA as conservator, 12 U.S.C. § 4617(b)(12)(A)(i)(I), (ii)(I); CERCLA, which merely adjusts the commencement date for the still-applicable state limitations periods, has no equivalent language in its narrow "Exception to State statutes" provision, 42 U.S.C. § 9658(a)(1).

    *Second*, *Merrill Lynch* relies heavily on the fallacy that "[i]f Congress had intended to preempt state statutes of repose, it certainly could have said so," slip op. at 10, but in *CTS* both the parties and the Supreme Court itself were unable to "point out an example in which Congress has used the term 'statute of repose,'" 134 S. Ct. at 2185.  That is because Congress has never

---

[1]  *See FDIC v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* ("*Merrill Lynch*"), No. 1:14-cv-00126 (W.D. Tex. Aug. 18, 2014) (attached as Exhibit A to Defendants' Letter); *FDIC v. Goldman Sachs & Co.*, No. 1:14-cv-00129 (W.D. Tex. Aug. 18, 2014) (attached as Exhibit B to Defendants' Letter).  Because the two decisions are almost word-for-word identical, FHFA discusses only the *Merrill Lynch* decision in text.

used that phrase in any enacted legislation.  For the same reason, *Merrill Lynch*'s reasoning that "the understanding Congress had of statutes of limitations and statutes of repose at the time CERCLA was passed in 1986 can fairly be imported to Congress three years later when it enacted [FIRREA]," slip op. 16-17, is wrong: *CTS* recognized that as recently as 2010, "Congress has used the term 'statute of limitations' when enacting statutes of repose." 134 S. Ct. at 2185 (citing 15 U.S.C. § 78u–6(h)(1)(B)(iii)(I)(aa)); *see also Nomura*, 2014 WL 4069137, at *12 n.18 (collecting additional post-1989 examples); *UBS II*, 712 F.3d at 143 & n.4 (same). Thus, the 1982 Study Report was significant in *CTS* not as some indication that Congress applied "limitations" in its narrow sense in all subsequent legislation—*CTS* recognizes that is not what Congress has done.  Rather, the 1982 Study Report was significant because it demonstrated that Congress, in formulating the specific statute at issue in that case, was considering limitations as distinct from repose.  *CTS*, 134 S. Ct. at 2186.  As the Tenth Circuit observed, there is no "remotely similar" legislative history suggesting that Congress intended any such distinction in HERA.  *Nomura*, 2014 WL 4069137, at *12.

Finally, there is no merit to Defendants' suggestion that *Merrill Lynch* requires this Court to re-certify the timeliness issue to the Second Circuit.  Letter at 1.  Two unpublished district court decisions from the same judge do not present a "substantial" ground for disagreement when compared to the reasoned decisions of the Second and Tenth Circuits, as well as the consistent views of the United States as *amicus*.  *See Cromer Fin. Ltd. v. Berger*, 2001 WL 935475, at *2 (S.D.N.Y. Aug. 16, 2001) (Cote, J.) (no substantial ground for difference of opinion where "there may be disagreements among courts outside the Second Circuit").  Just as "[t]he Supreme Court's decision in *CTS Corp.* provide[d] no basis for revisiting" the Tenth Circuit's reasoning, Br. for the United States as Amicus Curiae at 5, *NCUA v. Nomura Home Equity Loan, Inc.*, No. 12-3295 (10th Cir. July 11, 2014), neither *CTS* nor *Merrill Lynch* provide a basis for the Second Circuit to revisit its reasoning (or for this Court to do the same).

In sum, neither of the unpublished decisions Defendants cite in their Letter should disturb this Court's conclusion that FHFA's claims are timely.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
Kathleen M. Sullivan
(kathleensullivan@quinnemanuel.com)
Adam M. Abensohn
(adamabensohn@quinnemanuel.com)
David B. Schwartz
(davidschwartz@quinnemanuel.com)
QUINN EMANUEL URQUHART&
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC N. Am Holdings, Inc.; FHFA v. Goldman, Sachs & Co.; and FHFA v. Nomura Holding Am., Inc.*

/s/ Kanchana Wangkeo Leung
Marc E. Kasowitz
(mkasowitz@kasowitz.com)
Hector Torres (htorres@kasowitz.com)
Christopher P. Johnson
(cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com)
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc.*

CC: Counsel of Record (via ECF)