```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
FEDERAL HOUSING FINANCE AGENCY,          :
                                         :      11cv6189 (DLC)
                    Plaintiff,           :
                                         :      OPINION & ORDER
          -v-                            :
                                         :
                                         :
HSBC NORTH AMERICA HOLDINGS INC., et     :
al.,                                     :
                                         :
                                         :
                    Defendants,          :
----------------------------------------X
```

APPEARANCES:

For putative plaintiff-intervenor Roger Mauermann:

William J. Sanchez
William J. Sanchez P.A.
12600 SW 120th St., Ste. 102
Miami, FL 33186

John de Leon
Chavez and DeLeon P.A.
1399 SW 1st Ave., Ste. 202
Miama, FL 33130

DENISE COTE, District Judge:

On August 18, 2014, Roger Mauermann ("Mauermann") moved for leave to intervene in the above-captioned action pursuant to Federal Rule of Civil Procedure 24(a)(2). The Federal Housing Finance Agency ("FHFA"), as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, the "GSEs"), filed this action on September 2, 2011 against HSBC North

American Holdings Inc. and related entities ("HSBC") for securities fraud in the packaging, marketing, and sale of residential mortgage-backed securities ("RMBS") purchased by the GSEs between 2005 and 2007.  FHFA alleges that HSBC made materially false statements in offering documents for the RMBS concerning the loans underlying those securities (the "Mortgage Loans").  The parties' joint pretrial order is due September 2, 2014; trial is scheduled to begin on September 29, 2014.

Mauermann represents that one of the Mortgage Loans was his and moves to intervene on behalf of all borrowers whose mortgages (1) backed the RMBS at issue, (2) were originated "due to the fraudulent and predatory tactics facilitated by the Defendants," and (3) "have been in, or are currently undergoing foreclosure proceedings."  In a complaint submitted with his motion, Mauermann alleges that borrowers were "provided . . . with false information regarding the finance charges and interest rates that [borrowers] would be required to pay"; that HSBC "breached the mortgage contract between the parties" by, <u>inter alia</u>, "[f]ailing to properly and timely demand payments" and forcing borrowers to pay for hazard insurance; and that HSBC engaged in a "pattern of racketeering activity through the originator[s]."

Mauermann argues that he has a right to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.  In

the alternative, Mauermann requests that the Court exercise its discretion to permit intervention pursuant to Rule 24(b)(1)(B). For the reasons that follow, Mauermann's motion is denied.

## DISCUSSION

**I.   Intervention of Right**

A non-party has a right to intervene in an action, "[o]n timely motion," where the non-party

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

F.R.C.P. 24(a)(2).  Mauermann's motion is untimely.  A court has "broad discretion in assessing the timeliness of a motion to intervene" and is to consider "the totality of the circumstances."  In re Holocaust Victim Assets Litig., 225 F.3d 191, 198 (2d Cir. 2000).  Factors relevant to a motion's timeliness include

> (a) the length of time the applicant knew or should have known of its interest before making the motion;
>
> (b) prejudice to existing parties resulting from the applicant's delay;
>
> (c) prejudice to the applicant if the motion is denied; and
>
> (d) the presence of unusual circumstances militating for or against a finding of timeliness.

MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 390 (2d Cir. 2006) (citation omitted).

FHFA filed this action on September 2, 2011. Mauermann waited nearly three years, until the eve of trial, to make this motion. Were the Court to inject Mauermann's claims into this case at this late stage -- which chiefly concern alleged fraudulent and predatory lending practices by non-party originators, as opposed to the false statements in HSBC's offering documents FHFA alleges here -- prejudice to the existing parties would be extreme. Accordingly, Mauermann's motion is untimely.

Even if it were timely, Mauermann's motion would fail because he cannot claim an adequate interest in this case. The putative intervenor's "interest in the proceeding" must be "direct, substantial, and legally protectable." <u>Wa. Elec. Co-Op., Inc. v. Mass. Mun. Wholesale Elec. Co.</u>, 922 F.2d 92, 97 (2d Cir. 1990). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." <u>Id.</u>

Mauermann does not claim an interest in the RMBS at issue here. Mauermann's interest in his own mortgage loan does not translate into a "direct, substantial, and legally protectable" interest in the RMBS (<u>i.e.</u>, the securities transactions that are the subject of this action). Nor does he argue that it does. Rather, he asserts that he and others similarly situated "have a

direct interest in the litigation since the factual allegations in the FHFA complaint and amended complaint, if proved, would show Defendants are liable to [him]."  The factual allegations largely relate to the formation of supporting loan groups for RMBS certificates, the accuracy of the descriptions of the Mortgage Loans in those groups, and the adequacy of the due diligence directed to the Mortgage Loans in the groups.  This evidence does not establish the direct, legally protectable interest to Mauermann's claims concerning the origination of his mortgage that is required by Rule 24(a)(2).  Rule 24 "is not intended to allow for the creation of whole new suits by intervenors."  Id.

## II. Permissive Intervention

Where a non-party cannot intervene as of right, a court may permit intervention, "[o]n timely motion," where the non-party "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  For the reasons stated above, Mauermann's motion is untimely.

Even if it were timely, permissive intervention would be inappropriate here.  A district court has broad discretion in deciding whether to grant permissive intervention.  See Wa. Elec. Co-Op., 922 F.2d at 98.  In exercising its discretion, a district court must consider whether granting the request "will unduly delay or prejudice the adjudication of the original

5

parties' rights."  Fed. R. Civ. P. 24(b)(3).  Additional relevant factors

> include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) (citation omitted).

For the reasons stated above, Mauermann's interests are unaffected by this litigation.  Moreover, intervention would be extremely disruptive, essentially inserting an entirely new action, with new claims about the conduct of non-parties, on the eve of trial in this action.  Although Mauermann's mortgage loan happens to be one of those securitized by HSBC in the RMBS at issue here, Mauermann's claims have no place in this litigation.

## CONCLUSION

Mauermann's August 18, 2014 motion for leave to intervene is denied.  His August 21, 2014 request for oral argument is denied as moot.

SO ORDERED:

Dated:    New York, New York
          August 25, 2014

 _____
             DENISE COTE
        United States District Judge