```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
FEDERAL HOUSING FINANCE AGENCY,         :
                                        :
                 Plaintiff,             :        11cv6189 (DLC)
                                        :
        -v-                             :        MEMORANDUM OPINION
                                        :             & ORDER
                                        :
HSBC NORTH AMERICA HOLDINGS INC., et    :
al.,                                    :
                                        :
                 Defendants.            :
----------------------------------------X
```

APPEARANCES:

For movant Roger Mauermann:

William J. Sanchez
William J. Sanchez P.A.
12600 SW 120th St., Ste. 102
Miami, FL 33186

John de Leon
Chavez and DeLeon P.A.
1399 SW 1st Ave., Ste. 202
Miama, FL 33130

DENISE COTE, District Judge:

An Opinion of August 25, 2014 denied a motion to intervene filed by Roger Mauermann ("Mauermann"). FHFA v. HSBC North America Holdings Inc., 2014 WL 4188079 (S.D.N.Y. Aug. 25, 2014) (the "August 25 Opinion"). Through a motion of September 4, Mauermann seeks reconsideration of that Opinion. For the reasons that follow, his motion for reconsideration is denied.

**BACKGROUND**

Although familiarity with the August 25 Opinion is assumed, the relevant background information is repeated here.  On August 18, 2014, Mauermann moved for leave to intervene in the above-captioned action pursuant to Federal Rule of Civil Procedure 24(a)(2).  The Federal Housing Finance Agency ("FHFA"), as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, the "GSEs"), filed this action on September 2, 2011 against HSBC North American Holdings Inc. and related entities ("HSBC") for securities fraud in the packaging, marketing, and sale of residential mortgage-backed securities ("RMBS") purchased by the GSEs between 2005 and 2007.  FHFA alleges that HSBC made materially false statements in offering documents for the RMBS concerning the loans underlying those securities (the "Mortgage Loans").

Mauermann represented that one of the Mortgage Loans was his and moved to intervene on behalf of all borrowers whose mortgages (1) backed the RMBS at issue, (2) were originated "due to the fraudulent and predatory tactics facilitated by the Defendants," and (3) "have been in, or are currently undergoing foreclosure proceedings."  In a complaint submitted with his motion, Mauermann alleged that borrowers were "provided . . . with false information regarding the finance charges and

2

interest rates that [borrowers] would be required to pay"; that HSBC "breached the mortgage contract between the parties" by, inter alia, "[f]ailing to properly and timely demand payments" and forcing borrowers to pay for hazard insurance; and that HSBC engaged in a "pattern of racketeering activity through the originator[s]."

On August 25, 2014, this Court denied Mauermann's motion to intervene, holding that it was untimely, that Mauermann lacked a "direct, substantial, and legally protectable interest" in these proceedings, and that Mauermann's intervention would be extremely disruptive.  HSBC, 2014 WL 4188079, at *2 (S.D.N.Y. Aug. 25, 2014) (quoting Wa. Elec. Co-Op., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)).  On September 4, Mauermann moved for reconsideration of the August 25 Opinion.

**DISCUSSION**

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (addressing a Rule 59 motion).  "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new

3

evidence, or the need to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  Analytical Surveys, 684 F.3d at 52 (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Reconsideration is not appropriate here.  Mauermann identifies no change of controlling law or the availability of new evidence; instead, he simply reiterates his earlier arguments in favor of intervention.  Nor does Mauermann identify a clear error in the August 25 Opinion.  Mauermann fails to recognize that his interest in his home is not equivalent to a direct, substantial, and legally protectable interest in securities granting the GSEs the right to income that may originate, in part, from Mauermann's mortgage payments.

In his memorandum in support of his motion for reconsideration, Mauermann offers "to intervene partially and withdraw all of the new counts in [his] complaint" and to agree to present "[n]o new witnesses or evidence" at trial.  It is

4

not clear how Mauermann would have standing to join FHFA's securities claims here, which are brought on behalf of the securities' purchasers. Even if such a limited intervention were to be procedurally feasible, it would do nothing to change the fact that Mauermann lacks a direct interest in the property and transactions at issue -- in the FHFA lawsuit -- and that intervention would be extremely disruptive here.

## CONCLUSION

Mauermann's September 4, 2014 motion for reconsideration is denied.

SO ORDERED:

Dated:   New York, New York
         September 4, 2014

```
                                    _____
                                         DENISE COTE
                                    United States District Judge
```